317 So.2d 782 (1975)
The STATE of Florida, Appellant,
v.
Arthur Lee SAMPSON, Appellee.
No. 73-1357.
District Court of Appeal of Florida, Third District.
July 29, 1975.
Richard E. Gerstein, State's Atty., and Milton Robbins, Asst. State's Atty., for appellant.
Phillip A. Hubbart, Public Defender, and Bennett H. Brummer, Asst. Public Defender, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
The State has appealed an order discharging the defendant, Arthur Lee Sampson, from prosecution for murder in the second degree.[1] The discharge was ordered pursuant to the Speedy Trial Rule, CrPR 3.191. We reverse and remand for trial because of our holding that CrPR 3.191(g) is applicable and because of our interpretation of that rule.
Arthur Lee Sampson was adjudicated guilty of murder in the second degree. Upon appeal to this court, the judgment was affirmed. See Sampson v. State, Fla. App. 1972, 268 So.2d 467. He was awarded a new trial upon the ground of newly discovered evidence. This last order was appealed to this court and affirmed. See State v. Sampson, Fla.App. 1973, 279 So.2d 370. Upon the expiration of 109 days from the order awarding a new trial and 79 days after the filing of the mandate of this court affirming that order, the defendant filed his motion for discharge.[2]
*783 The ground alleged for the motion for discharge was that "[o]ver sixty (60) days has expired since the filing of Defendant's demand for Speedy Trial; excluding the time from the filing of the State of Florida's appeal until the District Court's mandate.[3]" The trial judge granted the motion upon this ground. Upon this appeal, the defendant has abandoned that ground and agrees with the State that the rule applicable to defendant's position is CrPR 3.191(g). The expiration of more than 90 days was alleged in the motion and prayer for discharge under Rule 3.191(g) and was included as an alternate ground. We hold that rule to be applicable.[4]
This subsection requires the discharge of a defendant when he has not been retried "90 days from ... the date of an order by the trial court granting a new trial, ... or the date of receipt by the trial court of a mandate ... from an appellate ... court which makes possible a new trial for the defendant, whichever is last in time." [Emphasis provided] It is apparent that the 90 days must begin to run from the time of the latest of the applicable occurrences listed in the rule.
The filing of the mandate was the last in time but the question is whether it is applicable as "a mandate ... which makes possible a new trial for the defendant." [Emphasis provided] The State says that the provision is applicable because it could not retry the defendant during the pendency of the State's appeal from the order granting a new trial. The defendant says the provision is inapplicable because the 90 day term was clearly running under the "date of an order by the trial court granting a new trial" provision. In addition, the defendant points out that it was the State's appeal which is used as an excuse and that the appeal was not necessary because there was already an order for a new trial. Thus, it is argued that the subsequent mandate could not "make possible a new trial."
The parties have been able to present us with much argument but little guidance. We reason that the State had a clear right to appeal the order granting a new trial upon the ground of newly discovered evidence. To hold that the State must retry the defendant within 90 days of the order would deny the right of appeal because it would be a practical impossibility to get every such appeal decided in 90 days under the present Appellate Rules. If we were to hold that the time ran from the order granting a new trial and that the State could get an extension of the 90 days under the "exceptionable circumstances" rule, CrPR 3.191(f), then the State's right to appeal would be dependent upon the trial court's agreement to the appeal. We think that the proper interpretation of the rule requires retrial within 90 days from the filing of the mandate in the trial court when appellate review of the order granting new trial is sought.
Therefore, we hold that the motion for discharge filed 79 days after the filing of the mandate was premature and that the trial judge erred in granting the motion. Accordingly, the order and amended order granting defendant's motion for discharge are reversed. The cause is remanded with directions to proceed with reasonable expedition to retry the defendant.
Reversed and remanded.
NOTES
[1] The appeal was filed as a petition for certiorari was dismissed by this court as an improper remedy. The dismissal was quashed by the Supreme Court of Florida and the cause remanded to this court with directions to consider the petition as an appeal. See State v. Sampson, Fla. 1974, 306 So.2d 103.
[2] Trial court grants defendant a new trial (Dec. 18, 1972).
(b) Defendant makes demand for speedy trial (Jan. 4, 1973).
(c) State appeals trial court's order granting new trial (Jan. 17, 1973).
(d) District Court of Appeal affirms order granting new trial (opinion filed, June 26, 1973; mandate issued, July 13, 1973; mandate received by trial court, July 17, 1973).
(e) Defendant moves for discharge (Oct. 4, 1973).
(f) Trial court orders defendant's discharge (Oct. 12, 1973).
[3] See CrPR 3.191(a)(2).
[4] Effect of Mistrial, Order of New Trial. A person who is to be tried again shall be brought to trial within 90 days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court granting a new trial, the date of an order by the trial court granting a motion in arrest of judgment, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from an appellate or other reviewing court which makes possible a new trial for the defendant, whichever is last in time."