SMITH, Judge.
Relator’s suggestion for writ of prohibition questions whether the 90-day retrial period prescribed by Fla.R.Cr.P. 3.191(g), following our reversal of relator’s prior conviction, Mitchell v. State, 333 So.2d 89 (Fla. 1st DCA 1976), began to run upon the trial court’s receipt of our mandate for new trial or, as the State contends, did not begin until the Supreme Court denied rehearing on its decision discharging a writ of certiorari issued on the State’s petition. 347 So.2d 610 (Fla.1977). Because the effect of our mandate was not stayed automatically by the State’s filing a petition for writ of certiorari within 15 days from the date of our decision, Fla.App.R. 4.5c(6), we agree with relator that the ten days that elapsed between the trial court’s receipt of our mandate and the entry of the Supreme Court’s order staying further proceedings should be tacked to the 84 days that later elapsed between the Supreme Court’s denial of rehearing and relator’s motion for discharge. Thus, more than 90 days elapsed before relator’s retrial and she must be discharged.
Criminal Rule 3.191(g) provides in part: A person who is to be tried again shall be brought to trial within 90 days from *537 . the date of receipt by the trial court of a mandate, order, or notice of whatever form from an appellate or other reviewing court which makes possible a new trial for the defendant
There is no doubt that a new trial pursuant to our mandate was impossible during the period the Supreme Court, on the State’s motion, ordered proceedings stayed pending its consideration of the State’s petition for certiorari. Had the State filed its petition for certiorari within 15 days after our decision on the appeal, our mandate would not have issued but would have been stayed pending disposition of the certiorari petition. Fla.App.R. 315a, 4.5c(6). But the State did not file its certiorari petition within 15 days and our mandate was issued as a matter of course. Therefore, unless and until the Supreme Court on special motion granted a stay, our mandate “[made] possible a new trial for the defendant,” as contemplated by the speedy trial rule. To discount the period that our mandate was outstanding because of the Supreme Court’s later stay order would dilute the effect of our mandate and subject the accused to delay of an uncertain period, depending on when the State applied for a stay and when the Supreme Court acted on the application. That we feel, is contrary to the letter and spirit of Rule 3.191(g). See State v. Williams, 344 So.2d 311 (Fla. 2d DCA 1977), approved, 350 So.2d 81 (Fla. 1977). Contrast State v. Sampson, 317 So.2d 782 (Fla. 3d DCA 1975).
We recognize that the issuance of our mandate on a criminal appeal may have an uncertain effect in the trial court when the losing party, whether the State or the defendant, seeks Supreme Court review by petition for certiorari. We are told that the defendant who is at liberty pending his appeal pursuant to á supersedeas order is frequently taken into custody on the trial court’s receipt of our affirming mandate, notwithstanding that the defendant timely files a petition for certiorari and obtains a further stay. When our decision discharges or orders a new trial for the defendant, the consequences to the State of our mandate are illustrated by this case. We recognize also that the party losing in this court may not secure all the benefits of the automatic stay provided by Rule 4.5c(6) in certiorari proceedings when the losing party petitions this court for rehearing. Our mandate issues as of course when a rehearing petition is denied. Fla.App.R. 3.15b. Thus our mandate frequently commands action in the trial court notwithstanding that the losing party plans to file and does file a petition for certiorari in the Supreme Court within 15 days after our denial of a petition for rehearing. On the prior appeal of this case, the State filed no petition for rehearing; so we need not decide here whether, in such a case, our mandate is effective to require a new trial during the period it is outstanding in the trial court before an automatic stay of further proceedings there is secured by filing a petition for certiorari in the Supreme Court.
The proper remedy for the uncertainty resulting from the issuance of our mandate in a criminal case is, of course, for the losing party to take available steps to prevent issuance of our mandate when cer-tiorari proceedings are contemplated: the losing party may forego filing a petition for rehearing on the appeal to this court and within 15 days file a petition for certiorari in the Supreme Court and a certificate “of filing the same” in this court, thus staying issuance of our mandate; or the losing party may petition this court for rehearing and simultaneously for a 15-day stay of the mandate if rehearing should be denied. Fla.App.R. 3.15b, 4.5c(6).
The prayer of the suggestion for writ of prohibition is GRANTED and the rule nisi is made absolute.
BOYER, Acting C. J., and MILLS, J., concur.