HERSEY, Judge.
The state appeals from an order discharging appellee under the “speedy trial” rule. We conclude that the time within which appellee could have been brought to trial had not expired at the time appellee filed his motion for discharge and we therefore reverse.
Rule 3.191(a)(1), Florida Rules of Criminal Procedure, provides that a person charged with a felony must be brought to trial within 180 days after the person “is taken into custody as a result of the conduct or criminal episode giving rise to the crime charged.” The issue in this case is when the 180 days began to run.
Appellee is charged in three counts with three separate and distinct episodes involving uttering a forgery.
As to one instance of uttering a forgery appellee was taken into custody and put in the Palm Beach County Jail on March 23, 1979.
After some intervening events not pertinent to the issue on appeal, appellee, on April 9, 1979, was taken to Miami on various warrants issued there, where he was again incarcerated.
On that same day, April 9th, an information was filed in Palm Beach County containing three counts of uttering a forgery, only one of which was related to the earlier incarceration in Palm Beach County. A capias then issued on the two new charges, which capias was executed and filed with the clerk’s office on April 17, 1979.
Subsequently appellee’s pro se motion for transfer back to Palm Beach County was granted and on October 15, 1979, he was returned to the Palm Beach County Jail where he was later arraigned.
On December 13, 1979, appellee filed his motion for discharge which was granted on January 15, 1980.
Appellee was originally in custody in Palm Beach County on only one of the three counts eventually lodged against him. When the capias was issued and executed on the two additional counts appellee was in custody in Dade County. The capias therefore acted only as a detainer and appellee could not be considered in the custody of Palm Beach County authorities with reference to these two later counts. Under these circumstances the speedy trial time of 180 days is computed from the time appel-lee was returned to custody in Palm Beach County, or October 15,1979. State v. Bassham, 352 So.2d 55 (Fla.1977); Eaddy v. State, 352 So.2d 98 (Fla. 4th DCA 1977). His motion for discharge was therefore premature and should have been denied.
The order granting the motion for discharge under the speedy trial rule is reversed and this cause is remanded for further proceedings.
REVERSED AND REMANDED.
LETTS, C. J., and ANSTEAD, J., concur.