392 So.2d 1004 (1981)
Carmine John GIGLIO, Petitioner,
v.
Honorable Stanton S. KAPLAN, As Judge of the Circuit Court of the 17TH Judicial Circuit, in and for Broward County, Florida, Respondent.
No. 80-1623.
District Court of Appeal of Florida, Fourth District.
January 21, 1981.
Alan H. Schreiber, Public Defender, and Robert Julian, Asst. Public Defender, Fort Lauderdale, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Max Rudmann, Asst. Atty. Gen., West Palm Beach, for respondent.
ANSTEAD, Judge.
Petitioner was arrested on January 18, 1980, for the forgery of a Burdines credit card receipt. In custody, he was read his Miranda[1] rights. During interrogation, petitioner confessed not only to the credit card forgery, but to an automobile burglary which had occurred a day earlier. The credit card had been stolen from the automobile.
Petitioner was not formally charged with the burglary until March 18, 1980, and he was not taken into custody on that charge until April 19. On July 19, petitioner filed a motion for discharge, alleging that the speedy trial rule should have commenced on January 18, the date of his confession. The respondent subsequently denied the motion for discharge and these proceedings followed.
*1005 Petitioner's claim is that speedy trial time should have started to run on January 18, when, while he was in custody for a separate offense, he confessed to the burglary. Petitioner claims, in effect, that it is the date from which there is probable cause to charge a defendant, and not the actual date on which a charge is filed or custody secured, which should be dispositive. This is not the law.
Florida Rule of Criminal Procedure 3.191(a)(1) provides that the time period provided by the speedy trial rule begins to run when the accused "is taken into custody as a result of the conduct or criminal episode giving rise to the crime charged." It is undisputed here that the petitioner was taken into custody on January 18 solely on the forgery charge. The police were not aware of his participation in the burglary until he confessed thereto. Further, we do not believe the burglary and the forged use of the credit card stolen in the burglary were part of the same criminal episode for purposes of commencement of the time period provided in the speedy trial rule. In our view the speedy trial rule requires the timely prosecution of all charges arising from a single criminal episode. Here, the burglary on January 17 and the subsequent forgery of the credit card on January 18 constituted two separate and distinct criminal episodes.
Notwithstanding the provisions of the speedy trial rule, the state is not totally free to unreasonably delay the filing of charges for which probable cause to prosecute exists. The defendant's constitutional right to a speedy trial and the spirit of the speedy trial rule prohibit the state from acting in such a manner. Thomas v. State, 374 So.2d 508 (Fla. 1979). However, general due process concerns rather than specific provisions of the speedy trial rule attach to that period before a defendant has been taken into custody and charged. United States v. Lovasco, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). In Lovasco, an eighteen month delay between the commission of the crime and the actual filing of charges was found to be reasonable, since the time was used to conduct an investigation. Here, the delay was only two months. While there is no evidence that this time was used to investigate petitioner, a twomonth delay does not appear to be per se unreasonable. More importantly, however, petitioner's claim in the trial court and here is predicated on the provisions of the speedy trial rule rather than on the broader assertion that the state has unreasonably and unconstitutionally delayed the filing of charges as discussed in Lovasco, supra.
The petition is denied.
MOORE and HERSEY, JJ., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).