400 So.2d 468 (1981)
STATE of Florida, Appellant,
v.
McArthur BREEDLOVE, Appellee.
No. 80-455.
District Court of Appeal of Florida, Fourth District.
March 25, 1981.
*469 Jim Smith, Atty. Gen., Tallahassee, and Mark Horn, Asst. Atty. Gen., West Palm Beach, for appellant.
Alan H. Schreiber, Public Defender, and Peter F. LaPorte, Asst. Public Defender, Fort Lauderdale, for appellee.
DOWNEY, Judge.
The State seeks review of an order discharging appellee, McArthur Breedlove, for failure to bring him to trial within the time provided by Florida Rule of Criminal Procedure 3.191. Our study of the briefs and applicable authorities convinces us that appellant's discharge was erroneous and we thus reverse the order appealed from.
The undisputed facts are that Elsie Rough was murdered in Hallandale, Florida, on February 19, 1974. That crime remained unsolved until late 1979. During November 1978 the Hallandale police learned that Breedlove had been charged with a murder in Dade County. Further investigation gave the police good cause to believe that Breedlove was also the culprit in the 1974 Rough murder. Breedlove was visited at the Dade County Public Safety Department (where he was incarcerated for the 1978 murder) by the Hallandale police, and after administration of appropriate Miranda warnings, he confessed to the Rough murder. The matter was turned over to the Broward County State Attorney, who decided to await the outcome of Breedlove's trial in Dade County. That case went to trial and Breedlove was convicted in March 1979 and sentenced to prison.
A Broward County grand jury indicted Breedlove for the Rough murder on August 8, 1979, and he was arrested therefor at the Florida State Prison on August 12, 1979. Breedlove filed a motion for discharge on January 24, 1980, alleging that he had not been brought to trial "within the time frames established by Rule 3.191 F.R.Cr.P. nor the Constitution of the United States and the State of Florida... ." On the authority of State v. N.B., 360 So.2d 162 (Fla. 1st DCA 1978); Lewis v. State, 357 So.2d 725 (Fla. 1979); and Thomas v. State, 374 So.2d 508 (Fla. 1979), the trial court granted the motion for discharge for the State's failure to bring Breedlove to trial within 180 days of November 22, 1978, (the day the Hallandale police obtained the confession from Breedlove). The trial court found the State could not effectively extend the time periods of Rule 3.191(a)(1) by claiming Breedlove was not "taken into custody" until his formal arrest on August 12, 1979, since the State possessed all of the evidence needed to obtain a grand jury indictment in November 1978 and chose to withhold filing the charges contrary to the cases cited above.
In our judgment neither Thomas nor Lewis is applicable to the factual situation presented in this case. Thomas involved multiple charges arising out of one criminal episode. The court held the arrest on any of those charges triggered the speedy trial *470 rule on all of the charges evolving from that episode. In the present case there is no connection between the 1974 and the 1978 murders, except that Breedlove was charged with both. The question presented in Lewis was:
Whether the speedy trial time provisions of Fla.R.Crim.P. 3.191(b)(1) apply to a defendant who, after being arrested or charged, is thereafter imprisoned on an unrelated charge?
357 So.2d at 726.
That question is not relevant to the present case. The primary authority cited by the trial court was State v. N.B., supra, which we acknowledge does contain a statement supporting the trial court's conclusions. However, we decline to follow that statement. Rather, we think the answer to the question whether a defendant is "taken into custody," within the meaning of Rule 3.191(a)(1) when he makes a confession after receiving Miranda warnings is to be found in our recent decision in Giglio v. Kaplan, 392 So.2d 1004 (Fla. 4th DCA 1981), an opinion filed January 21, 1981, a date subsequent to the date of the order of discharge in this case. In Giglio we held that a defendant who, while in custody on a forgery charge and after being read his Miranda rights, confessed to an automobile burglary, was not "taken into custody" within the meaning of Rule 3.191(a)(1) on the automobile burglary charge at the time of the confession. Accord: State ex rel. Dean v. Booth, 349 So.2d 806 (Fla.2d DCA 1977); Williams v. State, 382 So.2d 847 (Fla.3rd DCA 1980). The situation in the present case is substantially identical to that in Giglio.
Accordingly, it is evident the trial court erred in finding the time allowed by Rule 3.191(a)(1) for bringing Breedlove to trial without demand expired 180 days after November 22, 1978.
The sole ground mentioned by the trial court in its order of suppression was the State's failure to bring Breedlove to trial within the time limits set forth in Florida Rule of Criminal Procedure 3.191. However, since Breedlove's motion to suppress also asserted a denial of his right to a speedy trial under Article I, Section 16, of the Constitution of Florida, or the Sixth Amendment to the Constitution of the United States (as applied to the states via the Fourteenth Amendment), we will also treat the questions whether Breedlove was denied either of his dual constitutional rights to a speedy trial.[1]
State v. Griffin, 347 So.2d 692 (Fla. 1st DCA 1977), involved an appeal from an order dismissing an information charging the defendant with narcotics violations. The circuit court based its order of dismissal on the ground that the State had deprived the defendant of a speedy prosecution because the State's delay of eleven months between the date it had grounds to arrest defendant and the date it placed the defendant under arrest resulted in prejudice to the defendant "`in that he has no recollection of what he was doing or where he was nor has he been able to locate any witnesses who can speak as to his actions and whereabouts on the date of the alleged crime... .'" 347 So.2d at 694. In affirming the order upon a holding that the circuit court's conclusion that the defendant had demonstrated prejudice resulting from the delayed arrest, the district court recognized that dismissal would not have been justified in the absence of prejudice. 347 So.2d at 695.
In the instant case the transcript of the hearing on Breedlove's motion for discharge contains no showing that his delayed arrest prejudiced him in any way. Thus, we would not affirm the order of discharge on the grounds that the State violated Breedlove's right to a speedy trial under Article I, Section 16, of the Constitution of Florida. State v. Griffin, supra. Cf., United States v. Lovasco, 431 U.S. 783 (1977), 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977).
*471 Similarly, we are unable to affirm the order of discharge on the ground that Breedlove was denied his federal guarantee to a speedy trial. In United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), the Supreme Court of the United States specifically recognized that "the Sixth Amendment speedy trial provision has no application until the putative defendant in some way becomes an `accused'" (404 U.S. at 313, 92 S.Ct. at 459, 30 L.Ed.2d at 474), and "that it is either a formal indictment or information or else the actual restraints imposed by arrest or holding to answer a criminal charge that engage the particular protections of the speedy trial provisions of the Sixth Amendment." 404 U.S. at 320, 92 S.Ct. at 463, 30 L.Ed.2d at 479. Thus, in the present case Breedlove's Sixth Amendment rights did not attach until August 8, 1979, the date he was indicted, and so there has been no violation of those rights.
Accordingly, we reverse the order of discharge and remand the cause for further proceedings.
REVERSED AND REMANDED, with directions.
BERANEK and GLICKSTEIN, JJ., concur.
NOTES
[1] This court did not pass on those questions in Giglio v. State, supra, because Carmine Giglio did not raise them in the trial court.