399 So.2d 371 (1981)
The STATE of Florida, Appellant,
v.
Steven Allen STANLEY, Appellee.
No. 79-1918.
District Court of Appeal of Florida, Third District.
May 12, 1981.
Rehearing Denied June 25, 1981.
Janet Reno, State Atty., and Arthur Joel Berger, Asst. State Atty., for appellant.
Bennett H. Brummer, Public Defender, and Mark King Leban, Sp. Asst. Public Defender, for appellee.
Before SCHWARTZ, NESBITT and FERGUSON, JJ.
FERGUSON, Judge.
The State appeals from an order discharging appellee, Steven Allen Stanley, for failure to bring him to trial within the time provided by the speedy trial rule, Florida Rule of Criminal Procedure 3.191.
On August 3, 1977, Stanley was indicted and charged with two counts of first degree murder. The murders were committed on February 21, 1977. On August 4, 1977, Stanley was arrested on two charges of first degree murder. Stanley was brought to trial on the murder charges on April 3, 1978.
Testifying on his own behalf, Stanley related the following events: Stanley had been acting as a monthly drug courier for a drug dealer Robert Yuckman. In the fall of 1976, Stanley contacted several friends in New York and made arrangements for them to come to Miami and rob Yuckman. Stanley and his girlfriend were to feign being victims of the armed robbery. The robbery occurred on December 17, 1976 at a time when Stanley knew money would be in *372 the house. After receiving $18,000.00 as his share of the robbery monies, Stanley was informed that Yuckman had hired a private investigator and wanted everyone present at the robbery scene to take a polygraph test. Stanley felt that he had to kill Yuckman before Yuckman killed him. He made a gun silencer. Stanley testified that he withdrew from the murder plan, that his girlfriend had gone to the house and killed Yuckman and Yuckman's girlfriend. Stanley later returned to the house with his girlfriend to destroy evidence.
After a nine day trial, the jury acquitted Stanley on both counts of first degree murder. The same day, April 14, 1978, the State filed a three-count information charging Stanley with conspiracy to commit armed robbery and two counts of armed robbery. The conspiracy was alleged to have occurred between December 1, 1976 and December 25, 1976. The two robberies were alleged to have occurred between December 10, 1976 and December 25, 1976. Stanley was taken into custody on the robbery charges on December 6, 1978.
Stanley moved for discharge under Florida Rule of Criminal Procedure 3.191 on the grounds that the arrest for the February 1977 homicides was also the taking into custody for the December 1976 robberies. Stanley argued that the robbery charges are based on the same conduct or criminal episode for which he was originally arrested and that the State had no additional facts to support the new charges than it had when Stanley was arrested on the murder charges. The trial court denied discharge and Stanley sought a writ of prohibition from this court to keep the case from proceeding to trial. We denied the writ without opinion.[1] Stanley subsequently filed in the trial court a second motion to discharge under the speedy trial rule citing as grounds for rehearing the decision of Thomas v. State, 374 So.2d 508 (Fla. 1979), cert. denied, 445 U.S. 972, 100 S.Ct. 1666, 64 L.Ed.2d 249 (1980), decided eight days after this court denied the writ of prohibition. In his second motion, Stanley repeats his argument that the State had probable cause sufficient to make an arrest on the robbery charges at the time Stanley was arrested on the murder charges and, in addition, claims that Stanley's Sixth Amendment rights were violated by the intentional withholding of the robbery charges. On the basis of the Thomas decision, supra, the trial court granted this second motion and ordered Stanley discharged.
The State argues on appeal that Stanley's second motion to discharge raises the identical issue which was presented to the court by petition for writ of prohibition and that our denial of the writ established the law of the case. We agree.[2] Appellant's proper course of action would have been to petition this court for a rehearing,[3] or to seek approval of this court for rehearing by the trial court.[4]
Nor does the Supreme Court's decision of Thomas, supra, affect our order denying the writ of prohibition.[5] The court in Thomas, supra, at 513 stated, "Conceding that the spirit of the speedy trial rule would not condone the withholding of some charges and an arrest on others so as to effectively extend the time periods of the rule when there is ample evidence to support probable cause as to all charges, nevertheless the *373 record in this cause does not establish such an abuse." The trial court erroneously concluded that where the State had the necessary probable cause to arrest and charge Stanley with the robbery charges at the time of indictment for murder, and where the robbery charges were "inextricably related" to the murder charges, Thomas, supra, requires that the robbery charges be filed at the same time as the murder charges.
Thomas, supra, does not require the State to charge a defendant with all crimes of which it has probable cause or risk dismissal under the speedy trial rule. As stated by the court in Giglio v. Kaplan, 392 So.2d 1004, 1005 (Fla. 4th DCA 1981):
Notwithstanding the provisions of the speedy trial rule, the state is not totally free to unreasonably delay the filing of charges for which probable cause to prosecute exists. The defendant's constitutional right to a speedy trial and the spirit of the speedy trial rule prohibit the state from acting in such a manner. Thomas v. State, 374 So.2d 508 (Fla. 1979). However, general due process concerns rather than specific provisions of the speedy trial rule attach to that period before a defendant has been taken into custody and charged. United States v. Lovasco, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977).
Here, Stanley raises no due process claims and we perceive none. Nor do we find any violation of Stanley's rights under the Sixth Amendment. See United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); State v. Breedlove, 400 So.2d 468 (Fla. 4th DCA 1981).
We find further, that Thomas, supra, does not apply to Stanley's claim under the speedy trial rule. Florida Rule of Criminal Procedure 3.191 requires dismissal only when the state has failed to charge a defendant with crimes arising out of the same conduct or criminal action. State v. Breedlove, supra; Giglio v. Kaplan, supra; State v. Beasley, 392 So.2d 980 (Fla. 4th DCA 1981).
Here, it is not sufficient that the prior robbery may have triggered the fear of retaliation which was the motive for the subsequent murder. It is not enough that the conduct resulting in separate offenses be related; the conduct or episode must be the same even though it may give rise to different consequences. Walker v. State, 390 So.2d 411 (Fla. 4th DCA 1980). The conspiracy to rob and the robbery of Yuckman constitutes one criminal episode. The conspiracy to kill and the killing of Yuckman more than two months later constitutes a second and separate criminal episode. Not only did the robbery and subsequent murders occur more than two months apart but each involved separate conspiracies with different parties.
The order under review is quashed and the cause remanded for further proceedings consistent with this opinion.
NOTES
[1] Stanley v. Tanksley, 374 So.2d 110 (Fla. 3d DCA 1979).
[2] See, e.g., Airvac, Inc. v. Ranger Ins. Co., 330 So.2d 467 (Fla. 1976); Strazzulla v. Hendrick, 177 So.2d 1 (Fla. 1965) (rehearing should not be allowed when effect is second hearing); Jones v. Knuck, 388 So.2d 328 (Fla. 3d DCA 1980) (trial court may not deviate from mandate of appellate court); Robinson v. Gale, 380 So.2d 513 (Fla. 3d DCA 1980) (trial court must follow mandate of appellate court).
[3] The Supreme Court's decision in Thomas, supra, was filed eight days after this court entered the order denying the writ leaving this court with jurisdiction for rehearing. Fla.R. App.P. 9.330.
[4] See, e.g., Hallman v. State, 371 So.2d 482 (Fla. 1979) (writ of coram nobis); Stuart v. Hertz, 381 So.2d 1161 (Fla. 4th DCA 1980) (absent permission, trial court has no authority to alter or evade mandate of appellate court).
[5] See note 1, supra.