# STATE OF FLORIDA v. PINNER
## Case No. MA81-484
County Court, Orange County

February 5, 1982

### APPEARANCES OF COUNSEL

**Vicki Smith,** Assistant State Attorney, for plaintiff.
**Richard L. Wilson** for defendant.

### OPINION OF THE COURT

JAMES C. HAUSER, County Judge.

This cause came to be heard on the 22nd day of January, 1982 on Defendant's Motion to Dismiss for the State's failure to bring this case to trial within ninety (90) days as set forth by Rule 3.190, Florida Rules of Criminal Procedure.

### *PREFACE*

Before explaining this Court's decision, it should be pointed out that

the case law concerning speedy trial is a morass of conflicting decisions. Not only is there conflict between the district courts of appeal, there is a conflict within the district courts. For example, in the First District Court of Appeal, *Wiggins v. State*, 384 So.2d 546 (Fla. 1st DCA, 1980) and *Sneed v. State*, 346 So.2d 546 (Fla. 1st DCA 1980), arrive at opposite conclusions on similiar fact patterns. There also appears to be conflict within the Second District Court of Appeal; compare *Crain v. State*, 302 So.2d 433 (Fla 2d DCA 1976) with *State v. Bennett*, 383 So.2d 811 (Fla 2d DCA 1980). Compare also the decisions in the Fourth District Court of Appeal, *State v. Thaddies*, 364 So.2d 819 (Fla 4th DCA 1978) with *State v. Giglio*, 392 So.2d 1004 (Fla. 4th DCA 1981).

In addition, the facts of this case makes the Court's decision an excruciatingly difficult one. The Court has been unable to find any decision directly on point.

## FACTS

1. The police suspected that the Defendant was selling alcohol without a license. To confirm their suspicions, a police agent went to the place of business where the Defendant worked on September *15*, 1981. He was told that for $5.00 he could drink all the beer he wanted.

2. Using this information, the police agent applied for a warrant to search the Defendant's premises; the warrant was granted by a judge.

3. On September *17th* the police executed the search warrant. They also arrested the Defendant for "possession of alcoholic beverages on September 17th with intent to sell, without a license" which is violation of Florida Statute 562.12.

4. The "possession" charge was nolle prosequied by the State.

5. Now the State has filed a new charge against the Defendant, charging her with "selling alcoholic beverages without a license" on September *15*, 1981. This is also a violation of Florida Statute 562.12.

6. The record is devoid whether the Defendant, who was arrested on September 17th for "possession . . . with intent to sell on September *17th*" was also arrested for "selling alcohol on September *15th* . . .".

7. For purposes of this motion, it will be assumed that the arrest on September *17th* was *not* for the offense which took place on September 15th.

## STATEMENT OF LAW

3.191(a)(1) Custody. For purposes of this Rule, a person is taken

into custody, (i) when the person is arrested as a result of the conduct or *criminal episode* which gave rise to the crime charged or (ii) when the person is served with a notice to appear in lieu of physical arrest. (emphasis added)

ISSUE: In the case at bar, does selling alcohol on September 15th without a license and possession of alcohol with intent to sell without a license on September 17th constitute "one criminal episode" for purposes of speedy trial, Rule 3.191(2)(1)?

DECISION: Yes.

In *State v. Thomas*, 374 So.2d 508 (Fla., 1978), the Florida Supreme Court in addressing this issue stated at p. 513:

". . . spirit of the Speedy Trial Rule would not condone the withholding of some charges and an arrest on others so as to effectively extend the time periods of the rule where there is ample evidence to support probable cause as to all charges.[1]

Applying the test set forth in *Thomas*, supra, when the Defendant was arrested on September 17th for "possession of alcohol with intent to sell without a license", the police had ample evidence to also arrest the Defendant for the offense committed on September 15th of "selling alcohol witout a license". The one crucial factor this Court finds determinative is that the information the police obtained on September 15th of, "selling . . . without a license" was the information used to establish probable cause to obtain the search warrant on September 17th when the Defendant was arrested on the "possession" charge. Based on the above, the Court is persuaded that the two events form one criminal episode.

Another Court dealing with this issue was *State v. Stanley*, 399 So.2d 371 (Fla. 3rd DCA 1981) which at p. 373 applied the following test:

It is not enough that the conduct resulting in separate offenses be related; the conduct or episode must be the same even though it may give rise to different consequences.

The Court rules that "possession of alcohol without a license with intent to sell" and "selling alcohol without a license" also fit within the framework of this definition. The Court notes that it is not essential that the incident take place at the same time. *State v. Boren*, 273 So.2d

---

[1] The test set forth in *Thomas* was dicta; such dicta from the Florida Supreme Court is considered highly persuasive; *Morton v. Unigard Ins. Co.*, 355 So.2d 154 (Fla. 4th DCA 1978); *Town of Latona v. Pelczynski*, 290 So.2d 566 (Fla. 4th DCA 1974).

415 (Fla. 3rd DCA 1973); *Bryant v. Blount*, 261 So.2d 847 (Fla. 1st DCA 1971).

In making this decision, the Court has read *State v. Giglio*, supra, which seemingly would require a different result. The Court does not believe *Giglio* properly interpreted *Thomas*, supra. Further, the *Giglio's* reliance on *U.S. v. Lovasco*, 431 US 738, 97 S. Ct. 2044, 52 L.Ed 2d 752 (1977) is misplaced.[2]

The Court has also reviewed *State v. Bennett*, supra, which would also require a contrary ruling by this Court. *Bennett* was decided subsequent to *Thomas*, supra, yet it never distinguished or explained *Thomas*, supra.

Based on the foregoing, this Court rules that speedy trial began to run in this case on September 17, 1981. Ninety (90) days having expired, this Court has no choice but to grant Defendant's Motion.

---

[2] In *Lovasco*, supra, the police had probable cause to arrest the defendant, but waited 18 months to do so. Unlike the case at bar, the defendant was not arrested on any other charges.