OWEN, WILLIAM C., Jr. (Retired), Associate Judge.
The state appeals an order discharging appellee for violation of his constitutional right to a speedy trial. We reverse.
Appellee was arrested in February of 1976 on a felony charge. After several defense continuances, appellee was brought to trial before a jury in July of 1977. On the eve of trial, appellee attempted to discharge his privately retained counsel on the ground that counsel was incompetent and unprepared. The trial court refused to grant a further continuance to permit substitution of counsel because the attorney whom he sought to have replaced was the third one to have represented appellee at that point. Appellee’s conviction was upheld on appeal.[1] Appellee then moved to vacate the judgment under Florida Rule of Criminal Procedure 3.850, and in November of 1979 an order was entered granting the motion to vacate on the basis of ineffective assistance of counsel at trial. Appellee then had pending in the federal court a petition for habeas corpus, which he dismissed after the state indicated it would not appeal from the state court order vacating the judgment. The state, however, did appeal, the order being affirmed by this court in October of 1980.[2] After this court’s mandate went down, a jury trial was scheduled for January 13, 1981. On that date, appellee filed a motion for discharge alleging a violation of his constitutional right to speedy trial, which motion the trial court granted after hearing.
The essential basis upon which the trial court granted appellee’s motion for discharge was the delay of approximately one year due to the state having unsuccessfully appealed from the trial court order of November, 1979, which had vacated the original judgment. The trial court felt that the appeal was frivolous and taken primarily as a dilatory tactic to permit the state to secure attendance at trial of one of its principal witnesses who was then out of the country.
At the time the state took its appeal from the court order of November of 1979 vacating the judgment, it was the law in this jurisdiction that a defendant could not contest the competency of privately retained counsel, Cappetta v. Wainwright, 203 So.2d 609 (Fla.1967), a position which had been uniformly followed and applied by the appellate courts of this state.[3] Thus, if appel- *561 lee’s counsel at his trial in July of 1977 was privately retained, the established law of Florida in November of 1979, when the court entered its order vacating the judgment, would have required a reversal of that order. In fairness, the trial court had entered its order vacating the judgment on the basis of a finding that appellee’s trial counsel, although initially privately retained, became the equivalent of appointed counsel when the judge who presided over the jury trial refused appellee’s request for a further continuance in order to substitute counsel. The validity of this “transformation” of counsel from privately retained to appointed simply by means of post-trial judicial decree certainly, at the very least, would have presented a non-frivolous issue for determination by this court, had it not been for the intervening decision in Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). Cuyler, decided while the appeal was pending, held for the first time that failure of privately retained counsel to provide adequate assistance can render a trial so fundamentally unfair as to deprive a defendant of a fair trial.
At the time the state appealed from the order vacating the judgment, it was not frivolous. While the state did obtain the benefit of the additional time within which to secure the attendance of its out-of-country witness, the record will not support the trial court’s conclusion that the state’s primary purpose in taking the appeal was to obtain this advantage.
As an additional factor, the trial court, in ordering the discharge of appellee, surmised that had appellee not voluntarily dismissed his federal habeas corpus petition in reliance upon the state’s indication that it would not take the appeal,[4] the federal district court would probably have ordered the state to afford appellee a new trial, which in all likelihood would have avoided the additional year delay caused by the state’s unsuccessful appeal of the order. While we agree with the trial court’s surmise of probability of success in the federal habeas corpus action, it is much too speculative to say how much sooner, if any, appellee would have obtained a new trial had he continued to pursue that action.
REVERSED.
DOWNEY and ANSTEAD, JJ., concur.

. Blakley v. State, 362 So.2d 309 (Fla. 4th DCA 1978), cert. denied, 368 So.2d 1362 (Fla.), cert. denied, 444 U.S. 904, 100 S.Ct. 218, 62 L.Ed.2d 141 (1979).

. State v. Blakley, 388 So.2d 1106 (Fla. 4th DCA 1980).

.A number of the cases are cited in the supreme court’s opinion in Vagner v. Wainwright, 398 So.2d 448 (Fla.1981).

. The court found that the state did not intentionally mislead appellee’s counsel in order to get him to voluntarily dismiss the federal habe-as corpus action.