JORGENSON, Judge.
The state of Florida appeals from a trial court order discharging Charles Nieman, the appellee here, on speedy trial grounds. We have jurisdiction. See art. V, § 4(b)(1), Fla. Const. (1972); §§ 924.02, .07(1), (8), Fla.Stat. (1981); Fla.R.Crim.P. 3.191(d)(2)(iv), (g); Fla.R.App.P. 9.140(c)(l)(2).[1] For the reasons which follow we reverse.
Nieman was arrested in May 1981 for extortion and for dealing in stolen property. *574 A continuance was charged to the defense on November 16, 1981. On February 10, 1982, the state nolle prossed the case and then subsequently refiled an information on March 12, 1982. Trial was set for May 24, 1982. Three days prior to trial the defendant moved to discharge on constitutional grounds. The trial court granted the motion for discharge and this appeal followed.
The state argues, and Nieman concedes, that because a continuance was charged to the defendant the 180-day speedy trial period was not operative. See Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980). This is true even when a new information is filed based on the same charges. State v. Brown, 394 So.2d 218 (Fla. 5th DCA 1981). Nieman acknowledges that a motion to discharge for violation of a defendant’s speedy trial rights on constitutional grounds must include a showing of prejudice. That demonstration is not made on this record. See Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); Sturdivan v. State, 419 So.2d 300 (Fla.1982).
Reversed.

. In response to Nieman’s ore tenus motion to dismiss raised during oral argument as a result of this court’s decision in State v. C.C., Nos. 81-2564, 82-666, 82-797 and 82-1825 (Fla. 3d DCA Mar. 24, 1983), we note that jurisdiction to entertain state appeals from orders discharging defendants under the speedy trial rule is constitutionally conferred. *573 See art. V, § 4(b)(1), Fla. Const. (1972). Whidden v. State, 159 Fla. 691, 32 So.2d 577 (1947) (relied upon by the court in State v. C.C. for the proposition that “the state’s right to appeal is purely statutory”), was decided prior to the 1956 amendment to article V of the Florida Constitution which conferred jurisdiction in the district courts of appeal “as a matter of right, from all final judgments or decrees except those from which appeals may be taken direct to the supreme court or to a circuit court,” art. V, § 5(3), Fla. Const.(1956).
The Florida Supreme Court in Crownover v. Shannon, 170 So.2d 299 (Fla.1964), in interpreting this provision of the constitution found that “the right to appeal ... has become a part of the constitution and is no longer dependent upon statutory authority.” Article V, section 4(b)(1), Florida Constitution (1972), retains this constitutional right of appeal from final judgments. See State v. W.A.M., 412 So.2d 49 (Fla. 5th DCA), review denied, 419 So.2d 1201 (Fla. 1982). But see State v. Harris, 136 So.2d 633 (Fla.1962).
Even if the state’s right to appeal is determined to be statutory, chapter 924, Florida Statutes (1981), grants the state a right to appeal from “an order dismissing an indictment or information....” § 924.07(1), Fla.Stat. (1981) (emphasis added). The semantic distinction between “discharge” and “dismissal” is inconsequential.
If the right to appeal directly is not granted constitutionally or statutorily, the district court may still hear such appeals as petitions for writs of certiorari. Art. V, § 4(b)(3), Fla. Const. (1972). See State v. Steinbrecher, 409 So.2d 510 (Fla. 3d DCA 1981); see also State v. Johnson, 306 So.2d 102 (Fla.1974) (an appeal should not be dismissed for failure to seek the proper remedy). But see State v. G.P., 429 So.2d 786 (Fla. 3d DCA 1983).
Finally we note that there exists an unbroken line of cases spanning the history of the jurisdiction of this court, our sister courts and the Florida Supreme Court entertaining state appeals from orders discharging defendants under the speedy trial rule. See, e.g., State v. Jenkins, 389 So.2d 971 (Fla.1980) (discharge of defendant under speedy trial rule approved when trial was not held within six-month extension granted by trial court when case was on interlocutory appeal in district court during extension); State v. Barnett, 366 So.2d 411 (Fla.1978) (trial court improperly granted the defendant’s motion for discharge because speedy trial time period should have been tolled from the date the state filed its motion for extension of the pending appeal); State v. Williams, 350 So.2d 81 (Fla.1977) (discharge of defendant approved when speedy trial time recommenced to run following completion of state’s pre-trial evidentiary appeal pursuant to Florida Rule of Criminal Procedure 3.191(d)(2)); State v. Johnson, 306 So.2d 102 (Fla.1974) (quashing district court dismissal of speedy trial discharge appeal characterized as writ of certiorari rather than direct appeal and holding that no state appeal of speedy trial discharge shall be dismissed because an improper remedy has been sought); State v. McDonald, 425 So.2d 1380 (Fla. 5th DCA 1983) (affirming order of discharge under the speedy trial rule when state failed to show sufficient exceptional circumstances under Florida Rule of Criminal Procedure 3.191(f)(5) to extend time period); State v. Burris, 424 So.2d 128 (Fla. 1st DCA 1982) (affirming order granting motion for discharge when state failed to meet burden of proving that the asserted exceptional circumstances existed to extend speedy trial time); State v. Blankenship, 422 So.2d 1059 (Fla. 2d DCA 1982) (reversing order of discharge and holding that one-year delay standing alone will not support the conclusion that speedy trial rights have been violated and that defendant had expressly waived his right to a speedy trial); State v. Blakley, 410 So.2d 559 (Fla. 4th DCA), review denied, 419 So.2d 1195 (Fla.1982) (reversing discharge for violation of constitutional right to speedy trial when state appeal of an order vacating judgment under Florida Rule of Criminal Procedure 3.850 was viewed by the trial court as frivolous and a dilatory tactic); State v. Stanley, 399 So.2d 371 (Fla. 3d DCA), review denied, 408 So.2d 1095 (Fla.1981) (quashing an order discharging defendant under the speedy trial rule when information filed on the same day defendant was acquitted on other charges was not “inextricably related” to those prior charges, thus not requiring dismissal for failure to charge defendant with crimes arising out of the same conduct or criminal action); State v. Vakojevich, 392 So.2d 297 (Fla. 2d DCA 1981) (reversing order discharging defendant on speedy trial grounds when defendant had moved for continuance rendering time limits in speedy trial rule inapplicable); State v. Currie, 386 So.2d 1292 (Fla. 4th DCA 1980) (reversing order granting motion for discharge under speedy trial rule because the motion was filed prematurely); State v. Rollins, 386 So.2d 619 (Fla. 3d DCA 1980) (applying law of the case in reversing order discharging defendant under speedy trial rule); State v. Belien, 379 So.2d 446 (Fla. 3d DCA 1980) (reversing order discharging defendant under speedy trial rule when defendant moved for and was granted a continuance, thus waiving the benefit of the rule); State v. Wright, 375 So.2d 299 (Fla. 2d DCA 1979) (reversing order discharging defendant because defendant was a prisoner within the meaning of the Florida Rule of Criminal Procedure 3.191(b)(1), which was the applicable rule contrary to trial court ruling that Rule 3.191(a)(1) was applicable); State v. Humphrey, 363 So.2d 392 (Fla. 4th DCA 1978) (reversing discharge under speedy trial rule because defendants demand for speedy trial was filed prior to the filing of the information rendering it null and ineffective); State v. Acurse, 347 So.2d 828 (Fla. 3d *574 DCA 1977) (affirming order discharging defendant under speedy trial rule when the defendant revoked a prior waiver of speedy trial rights and filed a valid and bona fide demand for speedy trial); State v. Luck, 336 So.2d 464 (Fla. 4th DCA 1976) (reversing discharge of defendant on speedy trial grounds and holding that the state’s amendment of information did not vitiate prior waiver by defendant of speedy trial rights); State v. Sampson, 317 So.2d 782 (Fla. 3d DCA 1975) (reversing discharge of defendant pursuant to the speedy trial rule when the defendant’s motion for discharge was filed prematurely); State v. Jones, 285 So.2d 651 (Fla. 3d DCA 1973) (reversing dismissal of action for violation of the speedy trial rule because the defendant was charged with a Metro traffic offense and not a crime).