471 So.2d 1290 (1985)
Anthony Walter CAPPETTA, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-9.
District Court of Appeal of Florida, Third District.
May 14, 1985.
Rehearing Denied June 25, 1985.
*1291 Bennett H. Brummer, Public Defender, and Gitlitz, Keegan & Dittmar and James D. Keegan, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Calianne P. Lantz, Asst. Atty. Gen., for appellee.
Before HENDRY, HUBBART and DANIEL S. PEARSON, JJ.
PER CURIAM.
The defendant Anthony Walter Cappetta appeals his judgments of conviction and sentences for burglary of a dwelling and grand theft entered upon a nolo contendere plea, reserving for appeal, inter alia, the denial of his motion for discharge based on a speedy trial violation. We reverse the judgments and sentences appealed from upon a holding that the trial court erred in denying the motion for discharge.
Without dispute, the defendant Cappetta was not tried within 180 days of his felony arrest as required by Fla.R.Crim.P. 3.191(a)(1) although he was continuously available for trial during this time. Moreover, we conclude that the trial court's first and critical extension of the speedy trial period on December 30, 1982, was unauthorized under Fla.R.Crim.P. 3.191(f) as to the defendant Cappetta. The basis for the extension was a request on the eve of trial by two co-defendants in the case to continue the cause and waive their speedy trial rights so as to avoid a re-assignment of the case to a different trial judge. See State v. Del Gaudio, 445 So.2d 605, 607 (Fla. 3d DCA), pet. for review denied, 453 So.2d 45 (Fla. 1984). Without dispute, the defendant Cappetta did not join in this request, refused to waive his speedy trial rights, and was ready for trial before any trial judge available.
Although Fla.R.Crim.P. 3.191(f)(5) authorizes an extension of the speedy trial time period upon a showing that "a delay is necessary to accommodate a co-defendant, where there is reason not to sever the cases in order to proceed promptly with trial of the defendant," this rule, we think, was inapplicable to the instant case. The basis for the co-defendants' request for a continuance, although not improper, did not present, in our view, such a compelling ground for a continuance that it should override the defendant Cappetta's speedy trial rights, and thus the delay granted was not "necessary" to "accommodate" a co-defendant. The co-defendants' legal rights were in no way affected by their motion for continuance as the request was based entirely on their preference for one trial judge over another. This is plainly a slender reed upon which to grant such a request where, as here, the request vitally affects the speedy trial rights of another defendant. Under these circumstances, we conclude that the trial court's extension of the speedy trial period as to the defendant Cappetta was not authorized under Fla.R. Crim.P. 3.191(f)(5).
We have not overlooked the state's argument that there was a basis for extending the speedy trial time period on December 30, 1982, under Fla.R.Crim.P. 3.191(f)(2), but find this rule entirely inapplicable to this case inasmuch as no one requested a continuance, and the court did not extend the speedy trial time period, on the basis of inadequate preparation for trial due to the complexity of the case. We are also unpersuaded that our prior denial of the defendant's petition for prohibition, based on a speedy trial claim, constitutes a res judicata bar to raising the speedy trial issue on this appeal. See Thomas v. State, 422 So.2d 93, 94 (Fla. 2d DCA 1982). Finally, in view of our decision on the speedy trial issue, it is unnecessary to reach the second point raised by the defendant relating to the denial of his motion to suppress.
The judgments and sentences under review are reversed and the cause is remanded to the trial court with directions to discharge the defendant.
Reversed and remanded.

*1292 ON MOTION FOR REHEARING
The state has filed a motion for rehearing and brings to our attention the case of State v. Stanley, 399 So.2d 371 (Fla. 3d DCA), pet. for review denied, 408 So.2d 1095 (Fla. 1981) in support of its res judicata argument; the decision is not controlling in the instant case for two reasons. First, Stanley does not deal, as here, with the binding effect on this court of a prior denial of a petition for a writ of prohibition. Second, this court in the instant case did not pass on the merits of the defendant's speedy trial claim in the prior prohibition proceeding as was true in Stanley; indeed, the state's sole position in the prior proceeding herein was that prohibition did not lie as a remedy for certain procedural reasons not relevant here. The state's motion for rehearing on all grounds urged therein is therefore
Denied.