306 So.2d 102 (1974)
STATE of Florida, Petitioner,
v.
Zebedee JOHNSON, Jr., Respondent.
No. 45050.
Supreme Court of Florida.
November 6, 1974.
Rehearing Denied February 4, 1975.
Robert L. Shevin, Atty. Gen., Richard E. Gerstein, State's Atty., and Joseph Durant, Chief Asst. State's Atty., for petitioner.
Phillip A. Hubbart, Public Defender, and Steven Rappaport, Asst. Public Defender, for respondent.
PER CURIAM.
We review by writ of conflict certiorari a final order or judgment of the District *103 Court of Appeal, Third District, declining to review a speedy trial order of the Circuit Court discharging Zebedee Johnson, Jr., respondent herein, because the State of Florida, which sought the review, misconceived its remedy having sought a writ of certiorari to review the speedy trial order.
The District Court concluded that any review of the speedy trial order should have been undertaken pursuant to a notice of appeal and accordingly dismissed the State's petition for writ of certiorari. Its order was final and terminated the State's effort to gain a review.
The petition for writ of certiorari was filed within 30 days after entry of the speedy trial order.
We do not believe undue elaboration is necessary in rendering our decision in this case. Under Section 2(a), Article V, Florida Constitution, this Court is mandated to adopt rules of practice and procedure in all courts which shall include "a requirement that no cause shall be dismissed because an improper remedy has been sought."
It is agreed that had notice of appeal been filed instead of petition for writ of certiorari, the authorizations in Section 924.07, F.S. would have allowed appellate review of the speedy trial order.
It is our view the dismissal was improper and conflicts with the rationale of State ex rel. Scaldeferri v. Sandstrom (Fla.), 285 So.2d 409, where we said in effect that we should entertain an appellate review or remedy which has merit "in whatever form is proper," pursuant to the mandate of said Section 2(a), Article V of the Constitution. The salutary purpose of the constitutional provision is to insure that improper or misconceived remedies which have been sought will not justify dismissal of causes or reviews where a proper remedy or review procedure is available, provided the relief sought was timely brought.
We are unable from the record before us to proceed to the point of disposing finally the merits of the speedy trial order. We quash the dismissal of the State's petition for writ of certiorari and direct the District Court to treat the petition as a notice of appeal and review the merits of the speedy trial order.
It is so ordered.
ERVIN, BOYD, DEKLE and OVERTON, JJ., concur.
ADKINS, C.J., and McCAIN, J., dissent.