414 So.2d 296 (1982)
David PEARCE, Appellant,
v.
Honorable Broward N. PARSONS, County Judge, and Johnson-Prewitt & Associates, Inc., a Florida Corporation, Appellees.
No. 81-2557.
District Court of Appeal of Florida, Second District.
May 26, 1982.
Hubert R. Lindsey and F. Kendall Slinkman, West Palm Beach, for appellant.
Jack J. Rafter, Jr., Clewiston, for appellees.
SCHEB, Chief Judge.
Appellant David Pearce seeks a writ of common law certiorari from the circuit court's denial of his petition for a writ of certiorari or prohibition.[1] He challenges the circuit court's failure to grant him relief from a county court order setting aside its prior order transferring a complaint and counterclaim to the circuit court. The county court's order had the effect of reducing the amount of Pearce's counterclaim. We find that the circuit court erred in failing to grant appellant's writ and reverse.
Johnson-Prewitt filed a claim for $2,500 in county court against appellant Pearce. *297 Pearce counterclaimed for an amount in excess of the county court jurisdiction and moved to transfer the action to the circuit court. The county court granted the motion and ordered the cause transferred on October 29, 1979, although Pearce had not deposited the clerk's service charge as required by Florida Rule of Civil Procedure 1.170(j). On December 12, Johnson-Prewitt moved to set aside the transfer because Pearce had not paid the service charge. On December 20, prior to a hearing on the motion, Pearce deposited the requisite sum with the clerk of the court. Subsequently, on January 10, 1980, the court denied the motion. Then, on January 15 the court, citing a clerical error, entered an order setting aside its order of January 10. On March 7 the court entered a further order setting aside the transfer and reducing Pearce's counterclaim. Pearce timely petitioned the circuit court to grant a writ of common law certiorari or a writ of prohibition to prevent the county court from proceeding with the case. When the circuit court denied Pearce's petition, he sought relief from this court.
Pearce argues that the county court's order should be set aside on two grounds. First, he contends that the county court did not have jurisdiction at the time the order was rendered. Second, he urges that as Johnson-Prewitt suffered no prejudice by the delay in payment of the service charge, the trial court's sanction was too severe.
Florida Rule of Civil Procedure 1.170(j) provides:
If the demand of any counterclaim or cross-claim exceeds the jurisdiction of the court in which the action is pending, the action shall be transferred forthwith to the court of the same county having jurisdiction of the demand in the counterclaim or cross-claim with only such alterations in the pleadings as are essential. The court shall order the transfer of the action and the transmittal of all papers in it to the proper court if the party asserting the demand exceeding the jurisdiction deposits with the court having jurisdiction a sum sufficient to pay the clerk's service charge in the court to which the action is transferred at the time of filing the counterclaim or cross-claim. Thereupon the original papers and deposit shall be transmitted and filed with a certified copy of the order. The court to which the action is transferred shall have full power and jurisdiction over the demands of all parties. Failure to make the service charge deposit at the time the counterclaim or cross-claim is filed, or within such further time as the court may allow, shall reduce a claim for damages to an amount within the jurisdiction of the court where the action is pending and waive the claim in other cases.

(Emphasis supplied.) Thus, the rule authorizes the court to determine if these requirements have been satisfied prior to transfer of the action. Here, the court ordered the transfer even though the service charges had not been paid. The rule permits the court to extend the time for making the required deposit, and we think the court's order transferring the cause was an implied extension of time upon which appellant relied. Once the time for rehearing of the transfer order expired, it became final and jurisdiction vested solely in the circuit court. At that point the county court was without authority to remove the case from the circuit court.
In addition, public policy does not favor removal of an action for failure to pay service charges where, as here, appellant evinced no intent to evade or violate the rules of procedure. Prior to the motion to set aside, both parties had proceeded in circuit court. Eight days after appellant was notified of the required service charges by virtue of Johnson-Prewitt's motion to set aside the transfer, he deposited the required sum. The timely deposit of a required filing fee is not jurisdictional. Williams v. State, 324 So.2d 74 (Fla. 1975).
Accordingly, we reverse the circuit court's denial of appellant's petition for writ of certiorari or prohibition, direct the circuit court to reinstate the instant complaint and counterclaim, and remand the *298 cause for further proceedings consistent with this opinion.
CAMPBELL and SCHOONOVER, JJ., concur.
NOTES
[1] We note that appellant's petition to the circuit court seeking review of the county court's order was an original proceeding. Thus, we have jurisdiction to review by plenary appeal. Art. V. § 4(b)(1), Fla. Const.; County of Volusia v. Transamerica Business Corp., 392 So.2d 585 (Fla. 5th DCA 1980); United Teachers of Dade v. Save Brickell Avenue, Inc., 378 So.2d 296 (Fla. 3d DCA 1979). Accordingly, we treat appellant's petition for writ of certiorari as a notice of appeal. Fla.R.App.P. 9.040(c).