541 So.2d 176 (1989)
Jeffrey SKINNER, Appellant,
v.
Lisa SKINNER, Appellee.
No. 88-3337.
District Court of Appeal of Florida, Fourth District.
April 12, 1989.
Michael K. Davis of Davis & Bass, Davie, for appellant.
No appearance for appellee.
PER CURIAM.
This case came here as a petition for writ of certiorari, but by order we designated it a non-final appeal. We would have jurisdiction to review the order in question as an appeal from a non-final order, but the appellant failed to file a notice of appeal in the trial court, electing instead to file a petition for certiorari here.
The order was entered after the final judgment of dissolution, ordering the appellant to pay a medical bill. The order also granted the wife's motion for relief from judgment based on Florida Rule of Civil Procedure 1.540(b). Thus, the order is appropriate for interlocutory appeal pursuant to Florida Rules of Appellate Procedure 9.130(a)(3)(C)(iii) and 9.130(a)(5).
We conclude that we are bound by Lampkin-Asam v. District Court of Appeal, 364 So.2d 469 (Fla. 1978). We do not find the later decision in Johnson v. Citizens State Bank, 537 So.2d 96 (Fla. 1989), to compel a contrary decision. Therefore, we dismiss the petition for writ of certiorari which would have been treated as an interlocutory appeal, but for failure of appellant to file a notice of appeal in the trial court.
Nevertheless, we certify the following question to the Supreme Court of Florida as being one of great public importance.
DOES A DISTRICT COURT OF APPEAL HAVE JURISDICTION TO CONSIDER A PETITION FOR CERTIORARI FILED THEREIN TO REVIEW A NON-FINAL ORDER WHICH IS REVIEWABLE BY APPEAL BUT WHERE NO NOTICE OF APPEAL WAS FILED IN THE TRIAL COURT?
LETTS and GLICKSTEIN, JJ., concur.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting.
I would hold that the timely filing of an application for certiorari in this court was sufficient to invoke our appellate jurisdiction. Pearce v. Parsons, 414 So.2d 296, n. 1 (Fla. 2d DCA 1982). It makes little sense to me to hold that the filing of a jurisdictional pleading directly in this court is insufficient to invoke this court's jurisdiction. The rules provide for the filing of the jurisdictional document in the trial court chiefly as a means of convenience for the parties and the trial court. The notice filed in the trial court is, of course, immediately transferred to this court by the clerk of the trial court.