541 So.2d 781 (1989)
In re the Matter of Lloyd H. SKINNER.
No. 87-3208.
District Court of Appeal of Florida, Fourth District.
April 19, 1989.
Sharon Phillips Brennan, Vero Beach, for appellant-Bd. of County Commissioners of Indian River County, Florida.
Peggy G. Miller, West Palm Beach, for appellee-State of Fl., Dept. of Health and Rehabilitative Services.
PER CURIAM.
Appellant, Indian River County, appeals an order directing it to pay the fees of appointed counsel for a disabled adult ward under the provisions of the Adult Protective Services Act. We affirm.
The State Department of Health and Rehabilitative Services (HRS) filed a petition pursuant to section 415.105(3), Florida Statutes (Supp. 1986), seeking an order authorizing protective services for Lloyd Skinner. Skinner was a disabled 82-year-old whose caretaker, Julia Brinson, had been criminally charged with crimes against Skinner ranging from forgery and grand theft to elderly abuse. At a subsequent hearing, the court granted the petition and, under the provisions of section 415.105(3)(a), appointed attorney Martin E. Wall to serve as counsel for Skinner and later assessed Wall's fees against the county.
Both HRS and the county agree to the necessity of the court's appointment of Wall and his entitlement to fees. However, each party disclaims liability for those fees. The county contends that HRS, as the agency responsible for providing protective services, should pay the fees. The trial court, noting that the protective services statute did not provide who was to pay the fees, charged the county with paying Wall's fees pursuant to section 43.28, Florida Statutes. Section 43.28 mandates that "[t]he counties "shall provide appropriate courtrooms, facilities, equipment, and, unless provided by the state, personnel necessary to operate the circuit and county courts." (Emphasis added).

PROTECTIVE SERVICES
Section 415.105(3), Florida Statutes, addresses the procedure to determine the need for protective services. The statute in pertinent part provides:
(3) Lack of Capacity to Consent.  If the department has reasonable cause to believe that an aged person or disabled adult is being abused, neglected, or exploited and is in need of protective services but lacks capacity to consent to protective services, the department shall petition the court for an order authorizing the provision of protective services... .
(a) Hearing.  The court shall set the case for hearing within 14 days after *782 the filing of the petition. The aged person or disabled adult shall receive at least 5 days' notice of any hearing held pursuant to this subsection. The aged person or disabled adult and any person given notice of the filing of the petition shall have the right to be represented by legal counsel at any such hearing. The court shall appoint legal counsel to represent the aged person or disabled adult if he is without legal representation. [Emphasis added]
Initially, we agree with the trial court that the statute provides no guidance as to which state entity is to pay the fees for appointed counsel. The parties have also cited legislative history that we find too ambiguous to be of help.
The trial court relied on a Florida Supreme Court decision also invoking section 43.28 in holding the county liable for fees for appointed counsel for indigent children and their parents in juvenile dependency proceedings. See In the Interest of D.B. and D.S., 385 So.2d 83 (Fla. 1980). In that case the Florida Supreme Court held:
when appointment of counsel is constitutionally required to represent an indigent, the case cannot proceed without such an appointment; consequently, such counsel is `personnel necessary' to operate the court. In such an instance, the trial court may require the county to pay appropriate attorney's fees for such representation absent any other statutory provision.
D.B. and D.S. at 93.
Our task here is to determine whether the requirement for appointed counsel in protective services proceedings is tantamount to the requirement for counsel in juvenile dependency proceedings as described in D.B. and D.S. We believe it is, since the right to counsel in both instances is legally mandated. While we agree with the county that the appointment of counsel may not have been constitutionally required, we can see no reason to distinguish between counsel mandated by statutory law or constitutional law for purposes of invoking section 43.28. Since counsel is legally required by the express provisions of the protective services statute, such counsel constitutes "personnel necessary" for the court proceedings just as if counsel were constitutionally mandated. Hence, under section 43.28, the county is liable for attorney's fees.[1]

EXTENT OF SERVICES AND AMOUNT OF FEES
While we agree with the county that ordinarily the trial court should strictly limit fees to those for services necessary to represent the ward in the legal proceedings, we find no abuse of discretion in the trial court's action under the circumstances presented here. We note that there is no question that the attorney acted in good faith in carrying out the court's instructions to locate and protect the ward's remaining *783 assets and everyone agrees that his services were extremely beneficial to the ward. There is also no record basis to overturn the determination of indigency or the reasonableness of the fees awarded. We find no merit in the other arguments advanced by the county.
Accordingly, in accord with the above, we affirm.
HERSEY, C.J., and DOWNEY and ANSTEAD, JJ., concur.
NOTES
[1] The county also contends that the state should be held liable for fees under the principle enunciated in In re the Interest of M.P., 453 So.2d 85 (Fla. 5th DCA 1984). In that case, the trial court had assessed fees against HRS for the guardian ad litem appointed to represent two children who were the subject of dependency hearings initiated by HRS. HRS appealed the ruling contending that the county should pay the fees and costs. The Fifth District cited In Interest of R.W., 409 So.2d 1069, 1071 (Fla. 2d DCA 1981) where the court had concluded that because HRS has the prime responsibility in carrying out the provisions of Chapter 827, it should bear the costs incurred in carrying out that responsibility. However, in both these cases, the courts concluded that the appointment of a guardian ad litem was not constitutionally required. Furthermore, the court found the appointment of counsel for the father of one juvenile and the guardian ad litem of another to be not even appropriate. Nevertheless, because the district courts found that counsel had in fact represented their designated clients at the trial court's direction with the understanding that they would be paid for their services, the courts allowed the fee awards against HRS to stand but remanded the cases for modification of the awards. We believe these cases can be distinguished because the courts seem to indicate that legal counsel was not legally required to be appointed. We also are concerned about the potential conflict between HRS seeking protective services on the one hand and paying a lawyer to oppose protective services on the other. HRS may also be reluctant to seek protective services if it has to pay additional counsel fees for the ward.