PER CURIAM.
City Ad Associates, Inc. has filed an otherwise timely petition for a writ of cer-tiorari in this court seeking review of a final order of the circuit court dismissing its petition for writ of mandamus and in-junctive relief. We have no certiorari jurisdiction to entertain this petition because (a) the order under review is an appealable final order, and (b) a writ of certiorari does not lie to review a trial court order where the petitioner, as here, has an adequate remedy by appeal. De Groot v. Sheffield, 95 So.2d 912, 916 (Fla.1957); United Teachers of Dade v. Save Brickell Ave., Inc., 378 So.2d 296, 297 (Fla. 3d DCA 1979), disapproved on other grounds, City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982); G-W Dev. Corp. v. Village of North Palm Beach Zoning Bd. of Adjustment, 317 So.2d 828, 830 (Fla. 4th DCA 1975). Nonetheless, instead of dismissing the petition for lack of jurisdiction, we have decided to treat the petition as a notice of appeal, and brief in support thereof, seeking review of the final order below; we therefore deny the motion to dismiss this proceeding filed by the City of Miami, et al., in this cause.
*74 In Johnson v. Citizens State Bank, 537 So.2d 96 (Fla.1989), the Florida Supreme Court held that a district court of appeal is required under Article V, Section 2(a) of the Florida Constitution and Fla.R. App.P. 9.040(b), (c) to treat a timely notice of appeal filed with the clerk of the circuit court as a timely petition for a writ of certiorari filed with the clerk of the district court of appeal — where the order sought to be reviewed is reviewable by certiorari, but not by appeal. In such a case, the district court is required to treat the improvidently sought remedy of appeal as if the proper remedy of certiorari had been sought. By the same token, we think Citizens Bank compels a similar result when the improvidently sought remedy is certiorari, rather than appeal. That is, where a party improvidently seeks certiorari relief, as here, instead of seeking the proper remedy by appeal, the district court of appeal is required to treat the timely certiorari petition filed with the clerk of the district court of appeal as a timely notice of appeal filed with the clerk of the circuit court. State v. Johnson, 306 So.2d 102 (Fla.1974); Conner v. Mid-Florida Growers, Inc., 541 So.2d 1252, 1256 (Fla. 2d DCA 1989); Pearce v. Parsons, 414 So.2d 296 (Fla. 2d DCA 1982); Fla.R.App.P. 9.040(c) committee notes (1977) (“Under this rule a petition for a writ of certiorari should be treated as a notice of appeal, if timely.”). Contra Skinner v. Skinner, 541 So.2d 176 (Fla. 4th DCA 1989).
We are unpersuaded that Lampkin-Asam v. District Court of Appeal, 364 So.2d 469 (Fla.1978) compels a contrary result. First, that case did not involve the issue presented herein, namely, whether a party pursuing the wrong remedy in the appellate court was nonetheless entitled to be heard under a proper remedy; to the contrary, the appellant in that case sought the correct remedy (appeal) but filed the notice of appeal in the wrong court, namely, in the district court of appeal, rather than the circuit court. The Court held that the district court of appeal lacked jurisdiction to entertain such a misfiled notice of appeal. Second, the Florida Supreme Court in Citizens Bank has, in any event, receded from Lamp kin-Asam “to the extent of any conflict with our decision today,” 537 So.2d at 98, and, consequently, the continued authority of Lampkin-Asam is dubious at best.
The petition for a writ of certiorari filed herein is treated as a notice of appeal and brief in support thereof. The appellees shall have twenty days from the date of this order to file their answer brief.
It is so ordered.