556 So.2d 1243 (1990)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Petitioner,
v.
C.G., a Child, Respondent.
No. 89-2516.
District Court of Appeal of Florida, Fifth District.
February 22, 1990.
*1244 James A. Sawyer, Jr., District Legal Counsel, Orlando, for petitioner.
No Appearance, for respondent.
COBB, Judge.
The Department of Health and Rehabilitative Services (HRS) seeks certiorari review of a trial court order adjudicating a child dependent and ordering that he "shall be placed in the first available opening at County Acres." HRS contends the order contravenes our holding in In the Interest of K.A.B., 483 So.2d 898 (Fla. 5th DCA 1986), wherein we deleted that portion of a trial court order directing that a dependent child be placed at County Acres in Brevard County. Our holding in that case was based upon the wording of section 39.41(3), Florida Statutes (Supp. 1984), which expressly granted to HRS, as an agency granting legal custody, the right to determine where and with whom the dependent child should live. The present reference is section 39.41(5) (Supp. 1988).
Our problem with the instant petition concerns the fact that certiorari is not the appropriate remedy; plenary appeal is available as it was in K.A.B. Therefore, certiorari may not be utilized. See, e.g., Industrial Tractor Company v. Bartlett, 454 So.2d 1067 (Fla. 5th DCA 1984).
The difficulty in seeking a plenary appeal in the instant case is that the thirty-day period within which to file a notice of appeal in the lower court has expired. The Florida Supreme Court has held that "an appellate court has jurisdiction to review a cause even though the form of appellate relief is mischaracterized." Johnson v. Citizens State Bank, 537 So.2d 96 (Fla. 1989) (timely filing of a notice of appeal with the circuit court clerk legally effective to vest jurisdiction in the district court so as to treat notice as petition for writ of certiorari). See also Jones v. Office of the Sheriff, 541 So.2d 1149 (Fla. 1989) (non-final appeal treated as petition for certiorari); Stieglitz v. City Commission, City of South Miami, 537 So.2d 98 (Fla. 1989) (non-final appeal treated as petition for certiorari). The instant petition is a "reverse Johnson case." HRS filed its petition for writ of certiorari in this court, whereas the appropriate remedy was to file a timely notice of appeal in the circuit court.
In Skinner v. Skinner, 541 So.2d 176 (Fla. 4th DCA 1989), review pending, Case No. 74149, the court was confronted with a certiorari petition for review of an order appropriate for an interlocutory appeal. The court dismissed the petition and declined to treat it as a direct appeal, concluding that it was bound by Lampkin-Asam v. District Court of Appeal, 364 So.2d 469 (Fla. 1978), and that the later decision in Johnson did not compel a contrary decision.
We disagree with the majority opinion in Skinner and agree with Judge Anstead's dissent, wherein he noted that the rule providing for filing the notice of appeal in the trial court was intended "chiefly as a means of convenience for the parties and the trial court." We also note that in footnote two of Johnson the Florida Supreme Court acknowledged, with no indication of disapproval, that "District courts have also considered as notices of appeal, erroneously titled petitions for writs of certiorari. See e.g., Pearce v. Parsons, 414 So.2d 296, *1245 n. 1 (Fla. 2d DCA 1982)." In Pearce a petition for certiorari was treated as a plenary appeal without discussion of the failure to properly file a notice of appeal in the lower court.[1]
Accordingly, pursuant to Johnson and the provisions of Florida Rule of Appellate Procedure 9.040(b) and (c), we treat the instant petition for certiorari as a notice of appeal, and direct the parties hereto to file briefs and prepare a record in accordance with the Florida Rules of Appellate Procedure from the date of this opinion.
DAUKSCH and GOSHORN, JJ., concur.
NOTES
[1] See also State v. Johnson, 306 So.2d 102 (Fla. 1974); City Ad Associates, Inc. v. City of Miami, 557 So.2d 73 (Fla. 3d DCA 1990); Thomson, Bohrer, Werth & Razook v. Multi Restaurant Concepts, Inc., 15 F.L.W. 211 (Fla. 3d DCA Jan. 16, 1990); Conner v. Mid-Florida Growers, Inc., 541 So.2d 1252 (Fla. 2d DCA 1989); Fla.R.App.P. 9.040(c) committee notes (1977) ("Under this rule a petition for a writ of certiorari should be treated as a notice of appeal, if timely.")