WIGGINTON, Judge.
The Department of Health and Rehabilitative Services has filed a petition for writ of certiorari seeking review of an order entered by the circuit court awarding attorney’s fees to appointed counsel to be paid by the state in a proceeding for termination of parental rights. The Department contends the order is in error as it is the county’s responsibility under these circumstances to pay attorney’s fees and costs pursuant to section 43.28, Florida Statutes (1991).[1]
Initially, we conclude that this particular issue should be reviewed by plenary appeal, as one from a final order, and not by way of a petition for writ of certiorari. Accordingly, pursuant to Rule 9.040(c), Florida Rules of Appellate Procedure, we treat the instant petition for writ of certio-rari as a notice of appeal and as the initial brief. See Department of Health and Rehabilitative Services v. Brooke, 573 So.2d 363 (Fla. 1st DCA 1991); Department of Health and Rehabilitative Services v. C.G., 556 So.2d 1243 (Fla. 5th DCA 1990).
Turning to the merits, we agree with the Department’s position that section 43.28, as interpreted by the Florida Supreme Court in In the Interest of D.B., 385 So.2d 83 (Fla.1980), places on the county the burden of payment for appointed counsel in proceedings for the termination of parental rights under present section 39.465, Florida Statutes (1991). We also agree with the Department that newly-adopted section 18 of Article VII, Florida Constitution, does not change the meaning and operation of the law or the fundamental relationship between Article V and section 43.28 as explicated in D.B.[2] Indeed, the language *628 of section 18 is clearly prospective in operation. For example, subsection (d) exempts “laws reauthorizing but not expanding then-existing statutory authority, laws having insignificant fiscal impact, and laws creating, modifying, or repealing non-criminal infractions.” (Emphasis added) This language unmistakably implies that the operation of section 18(a) is targeted at laws to be passed in the future, after the effective date of the section. As urged by the Department, the only reasonable construction of Article VII, section 18 as a whole is that it is not applicable to existing section 43.28.
Accordingly, based on the foregoing, the order of the trial court directing that attorney’s fees be paid by the Department is reversed and the cause is remanded so that an order may be entered directing the fees and costs be paid by Franklin County.
REVERSED and REMANDED.
SMITH and WOLF, JJ., concur.

. Section 43.28 reads:
The counties shall provide appropriate courtrooms, facilities, equipment, and, unless provided by the state, personnel necessary to operate the circuit and county courts.

. Article VII, section 18, as ratified by the electorate in the November 1990 general election provides as follows:
(a) No county or municipality shall be bound by any general law requiring such county or municipality to spend funds or to take an action requiring the expenditure of funds unless the legislature has determined that such law fulfills an important state interest and unless: funds have been appropriated that have been estimated at the time of enactment to be sufficient to fund such expenditure; the legislature authorizes or has autho *628 rized a county or municipality to enact a funding source not available for such county or municipality on February 1, 1989, that can be used to generate the amount of funds estimated to be sufficient to fund such expenditure by a simple majority vote of the governing body of such county or municipality; the law requiring such expenditure is approved by two-thirds of the membership in each house of the legislature; the expenditure is required to comply with a law that applies to all persons similarly situated, including the state and local governments; or the law is either required to comply with a federal requirement or required for eligibility for a federal entitlement, which federal requirement specifically contemplates actions by counties or municipalities for compliance.