657 So.2d 1233 (1995)
BREVARD COUNTY BOARD OF COUNTY COMMISSIONERS, Appellant,
v.
John HARRIS, Esquire, Department of Health and Rehabilitative Services, Appellees.
No. 94-1205.
District Court of Appeal of Florida, Fifth District.
July 7, 1995.
Christine Varley, Asst. County Atty., Viera, for appellant.
Emeline C. Acton, County Atty., and Suzanne T. Smith, Sr. Asst. County Atty., Clearwater, amicus curiae, for Florida Ass'n of County Attys., Inc.
John M. Harris of Holland, Starling, Severs, Stadler & Friedland, P.A., Titusville, for appellee John Harris.
Eric D. Dunlap, Asst. Dist. Legal Counsel, Orlando, for appellee Dept. of Health and Rehabilitative Services.
GOSHORN, Judge.
Brevard County Board of County Commissioners ("Brevard County") appeals the final judgment awarding John M. Harris attorney's fees and costs arising out of his representation of Ebba Dorothy Lynch ("Lynch") pursuant to a court order appointing him as her attorney ad litem. We affirm.
The facts are not in dispute. Seventy-eight year old Lynch lived by herself in her own home. She suffered from numerous health problems including diabetes, congestive heart failure, and confusion to the extent that it was difficult for her to care for herself. Although Lynch had a strong desire to remain living in her home, she was in need of 24 hour care because of her failing health. HRS involuntarily removed Lynch from her home and placed her in a nursing home. The following day, HRS filed a petition seeking protective services for Lynch pursuant to section 415.105 of the Florida Statutes. The court appointed John Harris to act as Lynch's attorney in the matter.
At the hearing on HRS's motion to provide emergency protective services, the court heard from Harris, HRS, Lynch, and her doctor. It was apparent that Lynch ardently preferred to remain in her home. It also appeared that she might have the necessary *1234 finances to provide for home care, though further investigation was required. The court ordered protective services for 30 days, after which HRS was required to petition the court for a hearing to review the continuing need for protective services. The court also directed HRS to cooperate with Harris "in his endeavors in determining his client's financial situation and alternatives."
Shortly thereafter, Lynch died of pneumonia and congestive heart failure, and Harris filed for attorney's fees and costs requesting that Brevard County compensate him for services rendered to Lynch pursuant to his court-ordered appointment. The trial court ordered Brevard County to pay Harris relying on In re Skinner, 541 So.2d 781 (Fla. 4th DCA 1989), In re D.B., 385 So.2d 83 (Fla. 1980), and section 43.28, Florida Statutes (1993). On appeal, Brevard County does not contest its responsibility to pay Harris for his representation at the initial hearing, but contends that any subsequent investigation into her financial resources was the statutorily mandated responsibility of HRS, and Harris's fees and costs subsequent to the initial hearing should be borne by HRS.
We begin our analysis with subsection 415.105(5) which authorizes HRS to petition the circuit court for an order authorizing emergency protective services when there is reason to believe that an aged person or disabled adult requires such services but is incapable of consenting to them. Following a preliminary hearing and a review hearing under paragraphs 415.105(5)(e) and (g), the agency may seek the provision of protective services under subsection 415.105(3) which provides:
LACK OF CAPACITY TO CONSENT.  If the department has reasonable cause to believe that an aged person or disabled adult is being abused, neglected, or exploited and is in need of protective services but lacks the capacity to consent to protective services, the department shall petition the court for an order authorizing the provision of protective services. The petition shall allege specific facts sufficient to show that the aged person or disabled adult is in need of protective services and lacks the capacity to consent to them. Notice of the filing of such petition shall be given to the aged person or disabled adult, to his spouse, to legal counsel representing the aged person or disabled adult, and where known, to his adult children or next of kin. (a) Hearing.  The court shall set the case for hearing within 14 days after the filing of the petition. The aged person or disabled adult shall receive at least 5 days' notice of any hearing held pursuant to this subsection. The aged person or disabled adult and any person given notice of the filing of the petition shall have the right to be present at such hearing. The aged person or disabled adult shall have the right to be represented by legal counsel at any such hearing. The court shall appoint legal counsel to represent the aged person or disabled adult if he is without legal representation.

§ 415.105(3)(a), Fla. Stat. (1993) (emphasis added).
It is clear from the above statute that the legislature provided the aged person or disabled adult a statutory right to counsel at the initial hearing. Unfortunately, it left unanswered which entity shall bear the cost of providing that representation.
The Fourth District Court in In re Skinner, 541 So.2d 781 (Fla. 4th DCA 1989) addressed a similar factual scenario. In that case, the county appealed an order requiring it to pay fees for a court-appointed attorney of a disabled adult under chapter 415 of the Florida Statutes, known as the Adult Protective Services Act. The trial court had ordered the county to pay the fees associated not only with the representation at the initial hearing, but also in connection with the attempt to locate the adult's assets. Id. at 782-83. Relying upon In re D.B., 385 So.2d 83 (Fla. 1980), in which the Florida Supreme Court held that where counsel is constitutionally required to represent an indigent, such counsel is "personnel necessary to operate the court" under section 43.28, Florida Statutes,[1] the appellate court found that the county must bear the costs absent other statutory authority to the contrary. Id. at 782 (citing In re D.B., 385 So.2d at 93). The *1235 court saw no reason to distinguish between counsel which was constitutionally required and that which was statutorily mandated for purposes of invoking section 43.28.
The facts of Skinner and that of the present case are virtually indistinguishable. Sub judice, working under the Adult Protective Services Act, the trial judge ordered that Lynch be provided an attorney ad litem to protect her interests at the hearing. Like the trial court in Skinner, the trial judge in the instant case instructed the attorney to attempt to locate and protect the elderly woman's remaining assets in an effort to satisfy her desire to pay for and receive in-home care, rather than being forced into a nursing home. Additionally, the trial judge recognized the potential conflict of interest placed upon HRS if it carried out its duty to seek protective services while also being obligated to pay an attorney to oppose invoking those services.[2]
We agree with the result in Skinner for the reasons set forth therein. We also find support in the provisions of section 415.105. Under the statute, HRS must allege and prove that a person is in need of protective services before that person may be forcibly removed from his or her own home and involuntarily committed. If Harris, representing Lynch pursuant to the statute, could demonstrate that Lynch had sufficient resources to remain in her home, HRS fails in its burden of proof. Where, as here, Harris had reason to believe that Lynch might have the resources to obviate the need for protective services, Harris had the obligation to investigate and Brevard County must bear this cost.
AFFIRMED.
COBB, J., concurs.
GRIFFIN, J., concurs, without participation at oral argument.
NOTES
[1] Section 43.28, Florida Statutes (1993) states:

The counties shall provide appropriate courtrooms, facilities, equipment, and, unless provided by the state, personnel necessary to operate the circuit and county courts.
(emphasis added).
[2] We find that this concern distinguishes this case from In re M.P., 453 So.2d 85 (Fla. 5th DCA 1984). See also In re Skinner, 541 So.2d at 782 n. 1.