PARIENTE, Judge.
East Central Regional Wastewater Facilities Board (ECR) appeals from a declaratory statement issued by the Department of Community Affairs (DCA), pursuant to section 120.565, Florida Statutes (1993), on a petition filed by City of West Palm Beach for a determination of ECR’s status as a special district. We have jurisdiction to review the declaratory statement. § 120.68, Fla.Stat. (1993). Although ECR does not challenge DCA’s determination that it was not a special district, we agree with ECR that DCA’s additional findings concerning ECR’s budgetary authority and its authority to issue revenue bonds exceeded the scope of DCA’s permissible review.
ECR is a creation of an interlocal government agreement, as provided in section 163.01, Florida Statutes (1993), between the City of West Palm Beach, the City of Lake Worth, the City of Riviera Beach, the Town of Palm Beach, and Palm Beach County. Its purpose is to manage the wastewater treatment facilities serving the residents of those municipalities. In June 1994, after a question as to the legal status of ECR arose, the City of West Palm Beach filed a petition with DCA asking for its formal opinion whether ECR was a special district under chapter 189, Florida Statutes.
By its declaratory statement, DCA concluded that ECR was not a special district because it had not been created in accordance with the exclusive methods for creation of special districts as detailed in chapter 189. However, in its declaratory statement, DCA also concluded that the City of West Palm Beach, and not ECR, has budgetary approval authority over the wastewater treatment fa *404 cilities, and that ECR lacked any authority to issue revenue bonds.
The City of West Palm Beach’s petition solely addressed the issue of whether ECR was a special district, raising this question in seven specific questions concerning special district status. Having concluded that ECR was not a special district, DCA went beyond the scope of the petition by making further findings on issues not presented to it and potentially affecting entities not before it. See § 120.565, Fla.Stat. (1993); Florida Optometric Ass’n v. Department of Professional Regulation, Bd. of Opticiamy, 567 So.2d 928 (Fla. 1st DCA 1990).
DCA also exceeded its jurisdiction in interpreting the terms of the interlocal agreement, once it determined ECR was not a special district. While section 189.4035(1) authorizes DCA to determine whether ECR was a special district, nothing in the statute empowers DCA to regulate entities which are not special districts and thus to define the extent of ECR’s authority under the interlocal agreement. As stated in Department of Environmental Regulation v. Falls Chase Special Taxing District, 424 So.2d 787, 793 (Fla. 1st DCA 1982), review denied, 436 So.2d 98 (Fla.1983):
An agency has only such power as expressly or by necessary implication is granted by legislative enactment. An agency may not increase its own jurisdiction and, as a creature of statute, has no common law jurisdiction or inherent power such as might reside in, for example, a court of general jurisdiction.
Accordingly, we remand to DCA with instructions to strike all portions of the declaratory statement which go beyond the finding that ECR is not a special district. § 120.68(12), Fla.Stat. (1993).
REVERSED AND REMANDED.
FARMER, J, and WOLF, JAMES R., Associate Judge, concur.