673 So.2d 904 (1996)
STATE of Florida, DEPARTMENT OF REVENUE, on Behalf of Connie L. SALCH, Appellant,
v.
Ronald H. SALCH, Appellee.
No. 95-00326.
District Court of Appeal of Florida, Second District.
May 8, 1996.
Annette J. Szorosy and Charles L. Carlton of Carlton & Carlton, Lakeland, for Appellant.
No appearance for Appellee.
QUINCE, Judge.
The Florida Department of Revenue (DOR) appeals an order from the trial court requiring it to pay the guardian ad litem fee in a dissolution/paternity action. We reverse because DOR is not the party responsible for the payment of such fees.
Connie and Ronald Salch were married on January 28, 1992. Prior to the marriage they had a son, Nathan Lee Salch, born on August 22, 1989. During the marriage Mr. Salch left the marital home, and the minor child was in need of support. Mrs. Salch, therefore, filed a petition for child support. The trial court ordered Mr. Salch to pay support for Nathan in an order dated September 22, 1993. Mrs. Salch gave birth to another child, Alexander, on October 9, 1993, and on November 19, 1993, the court ordered Mr. Salch to pay support for both children.
Prior to entry of the second order, Mr. Salch filed a petition for dissolution of marriage. In the petition Mr. Salch alleged he is the father of Nathan but denied being the father of the younger child, Alexander. He requested paternity blood testing. Mrs. Salch maintained her husband is the biological father of both children. In July 1994 the petition for dissolution and the petition for child support were consolidated.
Because the husband had denied paternity of the minor child, a guardian ad litem was appointed to represent the interest of the child. The guardian ad litem, after completing an investigation, prepared a report and recommendation addressing whether allowing a blood test would be in the child's best interest. The guardian ad litem requested attorney's fees from the Pasco County Board of County Commissioners. The trial court awarded a fee of $300.00 but ruled DOR was responsible for payment of the fee. This timely appeal followed.
The Florida Supreme Court in Department of Health and Rehabilitative Services v. Privette, 617 So.2d 305 (Fla.1993), held that a guardian ad litem is an indispensable party in any proceeding where there is a request for a blood test to determine paternity. The guardian ad litem's purpose is to assist the court to determine if blood testing is in the *905 child's best interest. The court further recognized that the Department of Health and Rehabilitative Services (which has since been replaced by the Department of Revenue) may be an appropriate party to the proceedings in cases involving the expenditure of public monies on behalf of the child.
The trial court based its ruling that DOR was responsible for the guardian ad litem fee on Department of Health and Rehabilitative Services v. Kahn, 639 So.2d 689 (Fla. 5th DCA 1994). In Kahn the district court found HRS responsible for an expert witness fee incurred by an appointed attorney who prosecuted the termination of parental rights requested by the guardian ad litem. The court opined that HRS will be required to bear expenses in an action "where an attorney ad litem is appointed by the court, in substance, to perform duties and carry out responsibilities statutorily imposed upon HRS." While HRS or DOR may be responsible for certain fees under those circumstances, such circumstances are not present in this case. The guardian ad litem was not performing duties or carrying out responsibilities that were statutorily imposed upon DOR. DOR's only role in these proceedings was to secure support for the minor children and to recover any public monies paid by the state for support of these children.
We have found no authority mandating that DOR be responsible for fees in a situation such as this one, where the legal father contests paternity and requests blood testing. The limited case law in this area suggests that the party requesting the services, if financially able, should bear the costs of the guardian ad litem or attorney. See Department of Health and Rehabilitative Services v. Thompson, 599 So.2d 219 (Fla. 5th DCA 1992); Department of Health and Rehabilitative Services v. A.H., 459 So.2d 417 (Fla.1st DCA 1984). While it appears that these cases arose in the context of dependency proceedings, the underlying reasoning is equally applicable here.
The father, in this instance, initiated the need for a guardian ad litem by denying paternity of a child born during the course of his marriage and requesting blood testing. Under these circumstances, the court was mandated by the supreme court in Privette to appoint a guardian ad litem. Accord Gingola v. Department of Health and Rehabilitative Services, 634 So.2d 1110 (Fla. 2d DCA 1994). This allegation of nonpaternity by the father was made during the course of a divorce proceeding where the father was represented by counsel. There has been no determination that Mr. Salch is not financially able to pay for the guardian ad litem services.
Even if Mr. Salch is found indigent and unable to pay the fees, the appropriate party to pay this fee may be some entity other than DOR. As DOR points out, the guardian ad litem is an indispensable party when a child's paternity is at issue. The guardian ad litem's purpose is to assist the trial court in determining what is in the best interest of the child as it relates to blood testing. Thus, the guardian ad litem becomes personnel necessary to operate the circuit court pursuant to section 43.28, Florida Statutes (1993). In In the Interest of D.B., 385 So.2d 83 (Fla.1980), the supreme court held the county is responsible for the payment of counsel that is constitutionally required and appointed under section 43.28. Other courts have also held the county responsible for fees where the appointment of counsel is mandated by statute. See Brevard County v. Harris, 657 So.2d 1233 (Fla. 5th DCA 1995); In the Interest of B.C., 610 So.2d 627 (Fla.1st DCA 1992); In re Skinner, 541 So.2d 781 (Fla. 4th DCA 1989). Therefore, on remand, the trial court must determine if Mr. Salch or the county is responsible for the payment of the guardian ad litem fee.
The order of the trial court requiring DOR to pay the guardian ad litem fee is hereby reversed. This cause is remanded to the trial court for further proceedings not inconsistent with this opinion.
FRANK, A.C.J., and LAZZARA, J., concur.