Mr. John S. Slye General Counsel Department of Children and Families 1317 Winewood Boulevard Tallahassee, Florida 32399-0700
Dear Mr. Slye:
You ask substantially the following question:
May the Department of Children and Families lawfully pay the attorney's fees incurred by a respondent to a dependency petition filed by the department pursuant to Part II, Chapter 39, Florida Statutes, when the respondent prevailed but there was no request for attorney's fees made during the pendency of the case, there was no order directing the department to make such payments, and the case has become final with no issues pending before any court?
In sum:
The Department of Children and Families may not lawfully pay the attorney's fees incurred by a respondent to a dependency petition filed by the department pursuant to Part II, Chapter 39, Florida Statutes, when the respondent prevailed but there was no request for attorney's fees made during the pendency of the case, there was no court order directing the department to make such payments, and the case has become final with no issues pending before any court.
According to your letter, the Department of Health and Rehabilitative Services [now the Department of Children and Families][1] filed a dependency petition under Part II, Chapter 39, Florida Statutes. After a three-day hearing, the trial judge dismissed the petition, concluding that the department had failed to prove its allegations of abuse. Although the court found that the investigative techniques of certain department witnesses were "highly suspect," it held that the department had filed the petition in good faith, based on a third party's allegations, and that the department had a statutory duty to prosecute the case to its ultimate conclusion. The trial judge denied the motion to tax costs.
You state that on appeal, the appellate court based its award of appellate costs on section 57.041, Florida Statutes. While the appellate court awarded taxable costs, it did not address the issue of attorney's fees other than to note that the respondent had not sought an award of attorney's fees. The trial court subsequently entered an order directing the department to pay taxable costs as indicated by the appellate court's mandate.
According to your letter, the respondent has now requested that the department pay his attorney's fees although there is no current legal action pending on this issue or any other aspect of the case. You, therefore, ask whether the department may pay such fees under these circumstances.
It is well established that administrative agencies have no common law or inherent powers, but rather possess only such authority as has been expressly or by necessary implication granted or conferred on them by law.[2] Thus, in seeking to carry out some function or to expend funds, an agency must examine the statutes for authority.[3] It is also equally well established that an award of attorney's fees is in derogation of the common law and is allowed only when provided for by contract or statute.[4]
Moreover, since statutes authorizing an award of attorney's fees are in derogation of the common law, they must be strictly construed.[5]
You state that the department cannot identify any provision in either section 20.19, Florida Statutes, the organizational statute for the department, or in Part II, Chapter 39, Florida Statutes, authorizing the department's payment of attorney's fees unless the department proceeded when there were no justiciable issues and such fees are authorized under section 57.105, Florida Statutes.
Section 39.40(1), Florida Statutes, provides that "[p]arents whoare unable to afford counsel and who are threatened with criminal charges based on the facts underlying the dependency petition or a permanent loss of custody of their children must be appointed counsel." (e.s.) The courts have also recognized that parents are constitutionally entitled to appointed counsel in dependency proceedings when they are threatened with a permanent loss of custody or when criminal charges could arise from the proceeding.[6] Whether an indigent parent has such a right in other dependency proceedings depends upon a case-by-case determination by the court of factors adopted in such cases asPotvin v. Keller[7] and Cleaver v. Wilcox.[8]
As you note in your letter, however, there is no indication in the record that the respondents are indigent and thus "unable to afford counsel." Nor has the trial court made the threshold findings that are necessary in order to entitle the respondents to counsel.[9] Accordingly, the above statute would not appear to provide a basis for the department to pay the attorney's fees of the respondent at this time.
Section 57.105(1), Florida Statutes, provides:
"The court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party; provided, however, that the losing party's attorney is not personally responsible if he or she has acted in good faith, based on the representations of his or her client. If the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the defense, the court shall also award prejudgment interest." (e.s.)
Thus, as a prerequisite to an award of attorney's fees under section 57.105, Florida Statutes, the statute requires the court to find "a complete absence of a justiciable issue of either law or fact raised by the losing party."[10] The purpose of the statute is to discourage baseless claims, stonewall defenses, and sham appeals in civil litigation.[11]
While the statute serves a salutary purpose, it does not apply to every case and every unsuccessful litigant; merely losing is not enough to invoke the operation of the statute.[12] Thus, for example, the court in P.N. v. D.P.[13] held that the putative father, who obtained a ruling that he was not the children's father, could not recover attorney fees on grounds of complete absence of justiciable issue of law or fact where the Department of Health and Rehabilitative Services brought the action in good faith reliance on information provided by the mother.
Section 57.105, Florida Statutes, is concise; it empowers the court to award a reasonable attorney's fee to the prevailing party in any civil action in which the court finds that there was a complete absence of justiciable issue of either law or fact raised by the losing party. The courts have recognized that not only must a claim for attorney's fees be pled with specificity,[14] but that if a trial court intends to award such fees on the basis that the plaintiff's claim is frivolous and completely untenable, it should state so explicitly in its order.[15]
You state that while the trial judge found the department's evidence lacking, nowhere did the trial judge find an absence of justiciable issues (nor apparently did the respondent request the judge to do so); rather, the trial judge found that the department had proceeded in good faith. Taxable costs were eventually awarded to the respondent pursuant to section 57.041, Florida Statutes. That section provides in part that "[t]he party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment[.]" There is no requirement in section 57.041, Florida Statutes, however, as there is for section 57.105, Florida Statutes, that the court in awarding taxable costs find a lack of justiciable issues. Accordingly, an award of taxable costs pursuant to section 57.041, Florida Statutes, does not necessarily entail the right to recover attorney's fees.
Generally, prevailing parties may collect only taxable costs, rather than all costs they have incurred.[16] Attorney's fees cannot be taxed as costs unless specifically provided for by contract or by statute.[17] Based upon the information provided to this office, it does not appear that the statutes authorizing payment of such fees are applicable under the facts you have presented since the court has not made the requisite findings nor awarded the payment of attorney's fees in its order.
Accordingly, I am of the opinion that the Department of Children and Families may not lawfully pay the attorney's fees incurred by a respondent to a dependency petition filed by the department pursuant to Part II, Chapter 39, Florida Statutes, when the respondent prevailed but there was no request for attorney's fees made during the pendency of the case, there was no court order directing the department to make such payments, and the case has become final with no issues pending before any court. Respondents, however, may seek passage of a claims bill during the legislative session to reimburse them for their attorney's fees.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 5, Ch. 96-403, Laws of Florida, redesignating the Department of Health and Rehabilitative Services as the Department of Children and Family Services, and s. 8, Ch. 96-403, Laws of Florida, creating the Department of Health.
[2] See, East Central Regional Wastewater Facilities OperationBoard v. City of West Palm Beach, 659 So.2d 402 (Fla. 4th DCA 1995); St. Regis Paper Company v. State, 237 So.2d 797 (Fla. 1st DCA 1970), affirmed, 257 So.2d 253 (Fla. 1971); State ex rel.Greenberg v. Florida State Board of Dentistry, 297 So.2d 628
(Fla. 1st DCA 1974).
[3] See generally, Op. Att'y Gen. Fla. 71-28 (1971) stating that to perform any function for the state or to expend any moneys for the state, the public officer seeking to perform such function or to incur such obligation must point to a constitutional or statutory provision authorizing him to do so. Cf., Ops. Att'y Gen. Fla. 90-21 (1990) (Department of Corrections was not authorized to indemnify and hold a private company harmless for any damage, loss, or injury caused by the department, its employees or agents); 88-43 (1988) (in absence of a statute, Department of Health and Rehabilitative Services cannot make bonus payments to foster parents).
[4] See, Whitten v. Progressive Cas. Ins. Co., 410 So.2d 501
(Fla. 1982); Campbell v. Maze, 339 So.2d 202 (Fla. 1976); Riverav. Deauville Hotel, Employers Service Corp., 277 So.2d 265 (Fla. 1973); Baumgartner v. Baumgartner, 693 So.2d 84 (Fla. 2d DCA 1997).
[5] See, Whitten, supra; Roberts v. Carter, 350 So.2d 78 (Fla. 1977); Sunbeam Enterprises, Inc. v. Upthegrove, 316 So.2d 34
(Fla. 1975); Sheridan v. Greenberg, 391 So.2d 234 (Fla. 3d DCA 1980).
[6] See, e.g., In the Interest of D.F., 622 So.2d 1102 (Fla. 1st DCA 1993).
[7] 313 So.2d 703 (Fla. 1975).
[8] 499 F.2d 940, 945 (9th Cir. 1974). These factors include: (1) The potential length of parent-child separation, (2) the degree of parental restrictions on visitation, (3) the presence or absence of parental consent, (4) the presence or absence of disputed facts, and (5) the complexity of the proceeding in terms of witnesses and documents.
[9] You state that the appellate courts have declined to hold the department responsible for the payment of such attorney's fees. See, In the Interest of D.B., 385 So.2d 83 (Fla. 1980) (county bears burden of payment for appointed counsel in proceedings for termination of parental rights); In the Interestof B.C., 610 So.2d 627 (Fla. 1st DCA 1992); Department of Healthand Rehabilitative Services v. Thompson, 599 So.2d 219 (Fla. 5th DCA 1992) (where department did not request services of attorney ad litem, department not responsible for attorney's fee). Compare,In the Interest of M.P., 453 So.2d 85 (Fla. 5th DCA 1984), reviewdenied, 472 So.2d 732 (Fla. 1985) (while county responsible for attorney's fees when counsel is constitutionally required, when counsel for the child in dependency proceedings is not constitutionally required, but may be appropriate under certain circumstances, state may be responsible).
Cf., s. 39.415, Fla. Stat., limiting the fees for appointed counsel to $1,000 at the trial level and $2,500 at the appellate level. But see, Board of County Commissioners of HillsboroughCounty v. Scruggs, 545 So.2d 910 (Fla. 2d DCA 1989) (fee limit of $1,000 for appointed counsel, as applied to extraordinary and unusual civil dependency proceedings where counsel is constitutionally required to be appointed, violated due process and was constitutionally impermissible legislative encroachment upon judiciary's power of ensuring adequate representation by competent counsel); Metropolitan Dade County v. Faber,564 So.2d 185 (Fla. 3d DCA 1990), cause dismissed, 570 So.2d 1305 (Fla. 1990).
[10] See, Whitten v. Progressive Cas. Ins. Co., supra at 505;Allen v. Dutton's Estate, 384 So.2d 171 (Fla. 5th DCA 1980), andRojas v. Drake, 569 So.2d 859 (Fla. 2d DCA 1990) (award of attorney fees based on frivolous action is only proper where action is so clearly devoid of merit both on facts and law as to be completely untenable).
[11] See, e.g., Demby v. English, 667 So.2d 350 (Fla. 1st DCA 1995).
[12] City of Deerfield Beach v. Oliver-Hoffman Corp. ofDeerfield Beach, 396 So.2d 1187, 1188 (Fla. 4th DCA 1981); Allenv. Dutton's Estate, 384 So.2d 171, 175 (Fla. 5th DCA 1980).
[13] 626 So.2d 271 (Fla. 2d DCA 1993); and see, Richardson v.Helms, 502 So.2d 1372 (Fla. 2d DCA 1987).
[14] See, Stockman v. Downs, 573 So.2d 835 (Fla. 1991); Cranev. Barnett Bank of Palm Beach County, 687 So.2d 1384 (Fla. 4th DCA 1997), and see, McAskill Publications, Inc. v. Keno Bros.Jewelers, Inc., 647 So.2d 1012 (Fla. 4th DCA 1994) (even if party pled entitlement to attorney's fees at trial, it is necessary for the parties to move trial court for attorney's fees and present proof of fees within reasonable time after final judgment).
[15] See, e.g., S.A.B.T.C. Townhouse Ass'n, Inc. v. Schmitz,565 So.2d 827 (Fla. 5th DCA 1990).
[16] See, McArthur Farms v. Peterson, 586 So.2d 1273 (Fla. 1st DCA 1991), and s. 57.041, Fla. Stat.
[17] See, e.g., Shavers v. Duval County, 73 So.2d 684 (Fla. 1954); Codomo v. Emanuel, 91 So.2d 653 (Fla. 1956); Dorner v. RedTop Cab Baggage Co., 37 So.2d 160 (Fla. 1948); Ex parte Graham,186 So. 202 (Fla. 1939); Dillman v. Dillman, 105 So.2d 33 (Fla. 2d DCA 1958).