CASANUEVA, Judge.
The Department of Revenue (DOR) appeals an order directing it to pay for the attorney’s fees and costs of a guardian ad litem that it requested be appointed for an adversarial party. We reverse because the trial court entered the order without affording DOR notice and an opportunity to be heard.
In February, 1994, YKM, was born to Michelle Parker, a minor. By 1995, YKM was placed in the custody of her maternal grandmother, Louise Parker. DOR, on behalf of Louise Parker, commenced an action for child support against Michelle Parker. Because Michelle Parker was a minor and because a conflict of interest allegedly existed between Michelle Parker and Louise Parker, DOR filed an ex parte motion for appointment of a guardian ad litem for Michelle Parker. The motion was granted and a guardian was ordered to represent Michelle Parker. Ultimately, the guardian completed his services and sought payment pursuant to section 27.56, Florida Statutes (1977). Without hearing or stipulation between the parties, the court ordered DOR to be responsible for the guardian’s fees and costs.
First, the court erred by entering the order without a hearing. DOR was entitled to notice and an opportunity to be heard before it was held liable for payment of the guardian’s fees and costs. Several issues arise in the context of a guardian’s fee and cost request, including entitlement to the award and the reasonable value of the services provided. Absent a stipulation of the parties, a court cannot resolve these issues without an evidentiary hearing that includes the right of cross examination. The trial court, considering only the guardian’s fee affidavit, could not properly determine either the appropriateness of the fee nor the requirement that DOR be responsible for payment. See Saussy v. Saussy, 560 So.2d 1385 (Fla. 2d DCA 1990); Ashourian v. Ashourian, 519 So.2d 35 (Fla. 1st DCA 1987).
Next, the guardian asserted entitlement for fees under section 27.56 (1977). In 1997 this section was amended and renumbered as section 938.29. Neither the 1977 nor the 1997 version supports the court’s determination that DOR is liable for the guardian’s fees. This section places responsibility for court-appointed legal services in criminal matters upon the county. Therefore, the court erred in assessing fees against DOR based upon this statutory authority.
Finally, at the crux of this matter is the initial appointment of the guardian. In its ex parte motion for the appointment of a guardian ad litem, DOR, which did not represent Michelle Parker, did not indicate either the authority upon which the court could make such an appointment or who should be legally responsible for payment of the guardian’s fees. DOR has suggested that authority for the appointment of a guardian ad litem in this instance is premised upon Department of Health & Rehabilitative Services v. Privette, 617 So.2d 305 (Fla.1993). Privette held that a child whose legitimacy is challenged in a paternity action is entitled to the appointment of a guardian ad litem. Here, YKM was not in a Privette context because Michelle Parker was the known parent from whom support was sought. YKM’s legitima *349 cy status was not at issue. Thus, Privette is not applicable to this case.
On remand, the trial court shall require DOR to specify its authority, in this instance, to have a guardian appointed. In State, Dept. of Revenue v. Salch, 673 So.2d 904, 905 (Fla. 2d DCA 1996), we noted that the limited case law “in this area suggests that the party requesting the services, if financially able, should bear the costs of the guardian ad litem or attorney.” This is but the first liability question; others include whether Michelle Parker’s father or the county should be liable for the payment of fees. We do not dispute that the guardian is entitled to payment but require that on remand the trial court determine both the party responsible for payment of the guardian’s fees and costs and the proper amount due.
Reversed and remanded for proceedings consistent with this opinion.
PARKER, C.J., and PATTERSON, J., Concur.