PER CURIAM.
The appellant, Vanette Webb, seeks review of the trial court’s order dismissing her amended complaint against the appel-lee, the Escambia County School Board. The appellant argues that the trial court erred in determining that it lacked jurisdiction over her common law claim. We agree, affirming in part and reversing in part.
In 1998, the appellant, an elected representative of the Escambia County School District, was criminally charged with violating the Public Records Act. On May 31, 2007, the appellant filed a complaint seeking a declaratory judgment determining that the case arose from the performance of her official duties, served a public purpose, and that the appellee was required to reimburse the fees and costs associated with her defense. The appellant asserted a statutory claim for fees pursuant to section 1012.26, Florida Statutes (2007), as well as a common law claim. In response, the appellee filed a motion to dismiss, arguing that section 1012.26 eliminated the common law claim for fees and vested jurisdiction to determine fees with the appellee. Subsequently, the trial court granted the motion, finding that the appellant was entitled to seek fees under both claims but that the appellee had jurisdiction to determine the appellant’s attorney’s fees.
Although the trial court properly determined that the appellant was entitled to pursue both her statutory and common law claims for fees, the trial court erred in finding that it lacked jurisdiction to determine the appellant’s common law claim. The appellant’s common law right to reimbursement is separate and apart from any statute. See Thornber v. City of Fort Walton Beach, 568 So.2d 914, 917 (Fla.1990). There is a presumption that a statute makes no change in common law unless the statute unequivocally states that it does so or is so repugnant to common law that the two cannot co-exist. See id. at 918. In pertinent part, section 1012.26 states that:
Each district school board may provide legal services for officers and employees of the school board who are charged with civil or criminal actions arising out of and in the course of the performance of assigned duties and responsibilities. The district school board shall provide for reimbursement of reasonable expenses for legal services for officers and employees of school boards who are charged with civil or criminal actions arising out of and in the course of the performance of assigned duties and responsibilities upon successful defense by the employee or officer.
In the instant case, the language of the statute does not suggest that the statute was intended to abolish the common law right to reimbursement and it is not clear that the common law right and the statutory right cannot co-exist.
The language of section 1012.26 specifically gives the appellee the authority to consider any school board officer’s request for reimbursement of reasonable legal expenses pursuant to the statute. An agency, however, has no common law jurisdiction. See E. Cent. Reg’l Wastewater Facilities Operation Bd. v. City of W. Palm Beach, 659 So.2d 402, 404 (Fla. 4th DCA 1995). The trial court, not the appel-lee, has jurisdiction to hear common law *1191 claims. As such, although the trial court properly determined that it lacked jurisdiction to consider the appellant’s statutory claim, it erred in determining that it lacked jurisdiction to hear the appellant’s common law claim.
AFFIRMED IN PART and REVERSED IN PART.
WOLF, DAVIS, and ROBERTS, JJ., concur.